HELEN CLAPPER, Respondent, v. GOLDIE ZUBRES and Another, Appellants.— Defendants have appealed from a judgment of the Albany Trial Term of the Supreme Court in plaintiff's favor in the sum of $8,131.50 in an action for personal injuries and also from an order denying their motion for a new trial. The action was brought to recover damages for personal injuries sustained by plaintiff when she fell on steps leading from the street to the porch of premises owned by defendants. The premises consisted of a two-family house. Defendants occupied the first floor and plaintiff was in the employ of a family occupying the second floor. While plaintiff was attempting to enter the premises on February 16, 1939, she slipped and fell on the steps due to an accumulation of snow and ice. There is evidence on which the jury might base a finding that defendants negligently failed to equip and maintain the porch and the steps leading thereto in proper condition and that accumulations of ice and snow dripped from the porch roof across the porch and the stairway. Judgment and order affirmed, with costs. Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., dissents upon the ground that the temperature and other physical surroundings made it impossible that there should have been an accumulation of ice as asserted by plaintiff for such a length of time as to have given notice to defendant.

VADA EATON, Respondent, v. HENRY PAIGE, Appellant.— Defendant appeals from a judgment in favor of the plaintiff for the sum of $2,577.50, entered upon the verdict of a jury in the Cortland county clerk's office on May 1, 1940, and from the order denying a motion to set aside the verdict and for a new trial. The action arose out of an automobile accident which occurred on September 8, 1939, at the intersection of West street and Cayuga street in the village of Homer, N. Y. West street runs north and south, and Cayuga street crosses in an easterly and westerly direction. Plaintiff was a passenger in her husband's automobile which was being driven north on West street. Defendant's car was traveling west of Cayuga street. There was direct testimony from disinterested witnesses that the collision occurred after the car in which plaintiff was riding had passed over the center line of Cayuga street. The evidence as to speed was conflicting. Only questions of fact were involved as to the alleged negligence of the defendant, and the conduct of the plaintiff. The verdict was not against the weight of evidence, nor was it excessive in view of the injuries which plaintiff sustained. Judgment and order appealed from unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.