MABEL SCHMIDT, Respondent, *v.* MARGARET CARPER, Appellant.

Third Department, March 6, 1946.

412

*Earl S. Jones,* attorney (*Carter & Conboy* of counsel), for appellant.

*Charles J. Duncan,* attorney for respondent.

BREWSTER, J. Defendant, the owner and occupant of a one-family dwelling house and its lot known as No. 9 Oxford Road, Albany, N. Y., has been held liable for plaintiff's injuries accidentally sustained in the course of her service to defendant as a domestic servant, a housekeeper.

Plaintiff's injuries occurred on December 15, 1942, upon defendant's premises where she had been continuously employed for about a month and a half, and in the course of which she testified she had full and complete charge as a housekeeper. There were no fellow servants. For several days prior to the accident and following it, defendant was confined to her bed in an upstairs room in her home by a serious illness. The proof is that on the morning of the accident a neighbor came to the house to assist in nursing the defendant and, in the presence and hearing of defendant, directed plaintiff to take some rugs outdoors and shake them, no further or more specific directions having been given. The proof is that shortly thereafter plaintiff took the rugs out a side door entrance and threw them into the adjacent private driveway and then, as she took two or three steps toward them, she slipped on the icy surface of the driveway, fell, and met with the injuries in question.

Liability has been determined in negligence upon the general ground of defendant's omission to afford plaintiff a safe place to work because of the slippery character of the surface of the private driveway as occasioned by water flowing thereon from the side roof of the dwelling and freezing and adhering thereto. The case does not involve the casting of waters upon a sidewalk or a public place and the formation of ice thereon to the injury of a passerby. The proof is undisputed that defendant's dwelling house was constructed in accordance with good engineering practice and good and usual architectural design, and of a type and design common to its area. Assume that, notwithstanding this, a question of fact could arise as to defendant's actionable negligence in having suffered water to run from one of the roofs onto the driveway and form ice thereupon — and this was the particular question submitted to the jury — it is my opinion that there was no sufficient evidence to justify a finding that the ice on the driveway upon which plaintiff slipped, or its slippery character, resulted from such a source or cause and caused a situation which was unusual or different from conditions prevailing generally and which were due to prevailing climatic and meteorological conditions. For that reason alone it is my opinion that the evidence failed to disclose any basis for finding defendant guilty of any negligence which was a proximate cause of plaintiff's injuries. Aside from this, however, I feel there was no sufficient evidence to take the case to the jury because of other considerations. Liability is sought upon the claim of defendant's negligence in failing to furnish plaintiff a safe place to work. Such a responsibility is determined upon the reasonable foreseeability of the harmful consequences, by reason of the defendant's superior knowledge of the hazards which brought the harm. Here, under the undisputed facts of the case, no finding is justified which imputes such superior knowledge to the defendant, since plaintiff herself had as good or better opportunity and was in as good or better position to have seen and prevented the harm as was defendant. To my mind this phase of the matter is analogous to the " simple tool " rule in the law of negligence as regards the duty of the master to furnish a safe place and appliances for his servants. (35 Am. Jur., Master and Servant, § 146, p. 579; § 177, p. 607 *et seq.*) Here I see no escape in the evidence from a holding that the plaintiff employee had at least equal knowledge or means of knowing of the danger. And in such case I understand the rule to be that if the employee discerns the situation and depreciates the danger or, if it is so

obvious that an ordinarily prudent person in her position would have done so, liability is not cast upon the employer. (35 Am. Jur., Master and Servant, § 185; 118 A. L. R. 449, 450.)

The judgment should be reversed on the law and on the facts and the complaint dismissed.

HEFFERNAN, J. (dissenting). This is a review of a judgment in plaintiff's favor and of an order denying defendant's motion for a new trial in an action to recover damages for personal injuries.

Since 1938 defendant has owned and occupied a two-story, one-family, frame house located on Oxford Road in the city of Albany. The premises are located on the east side of the street and are upon a terrace with the terrain sloping in that vicinity from the rear of defendant's land to the front. The ground is somewhat higher in the rear of defendant's property. The house has a double-gabled roof and the eaves extend a distance of eighteen inches beyond the sides of the building. In the rear of the house and about one hundred and fifty feet from the street, a garage is located, the entrance to which is immediately adjacent to the south side of the building. The driveway consists of bituminous macadam with two strips of concrete runners. The side entrance to the house is also on the south side which opens directly on the driveway. There is no canopy, roof or other structure over the entrance to this door to protect it against snow or rain dropping from the eaves of the building. There are no gutters on the building to dispose of rain or snow falling therefrom.

During defendant's ownership of the property the uncontradicted evidence is that in winter weather rain and snow fell from the eaves of the roof on the driveway immediately in front of the side entrance to the building. In freezing weather the water falling from the roof was converted into ice in front of the side door and along the south side of the house. Defendant concedes that she was familiar with these conditions and that prior to the winter of 1942 she had taken precautions to guard against them.

Plaintiff entered defendant's employ as a domestic in her home in November, 1942. She had no knowledge of the dangerous conditions that existed on the south side of the building especially when the temperature was below freezing.

In the morning of December 15, 1942, defendant was ill and confined to her bed. She was being nursed and cared for by a friend and neighbor. Plaintiff had not been out of the house

on the morning of that day, but was performing her usual duties in defendant's home. Sometime during the morning she was directed by defendant's nurse to take some rugs outside and clean them. She proceeded to do as directed. She took the rugs, stepped out the side door, threw the rugs down and as she stepped forward she slipped and fell on the ice on the driveway and sustained injuries so serious that no question is raised on this appeal as to the amount of the jury's award.

Defendant asserts that no actionable negligence on her part has been established and that plaintiff was guilty of contributory negligence.

To relieve herself from liability defendant contends that water flowing from the high ground in the rear of her premises is responsible for the ice which formed in front of the side entrance to and along the south side of her building. The records of the United States Weather Bureau completely refute this argument. These records show that on December 12, 1942, there was no snow on the ground. On December 13th, there was a fall of 3.1 inches. The high temperature for that day was 26 and the low 11. On December 14th, there were 2.6 inches of snow with a high temperature of 26 and a low of 5. On December 15th, there were 2.3 inches of snow and the highest temperature on that day was 34, two degrees above freezing, which did not occur until 12:30 P.M., sometime after the plaintiff was injured. The report also shows that there was no sleet or rain during the period in question and hence conclusively demonstrates that the snow which had recently fallen could not have changed its form into either water or ice.

Plaintiff proved by three disinterested witnesses that on the same day, shortly after she was injured, they observed ridges of ice on the driveway in front of the side entrance to the house and also along the driveway. These witnesses also swore that water was then dripping from the roof on the driveway. A civil engineer, sworn by defendant, testified that in freezing weather the snow would not run down from the higher ground in the rear of defendant's property but would melt and run off the roof as a result of the heat inside the house. He also stated that in freezing weather the water dripping off the roof would remain where it fell.

The duty of using reasonable care to provide a reasonably safe place for his servant to work in, is cast by law upon the master, and the same degree of care is required of him to inspect the place and keep it safe. (*Kirby* v. *Montgomery Brothers & Co.*, 197 N. Y. 27, 31.) That duty cannot be dele-

gated. (*Wohlfron* v. *Brooklyn Edison Co., Inc.*, 238 App. Div. 463, affd. 263 N. Y. 547; *Murphy* v. *Rochester Telephone Co.*, 208 App. Div. 392, affd. 240 N. Y. 629.) Not only is the employer required to provide for the safety of that portion of his premises where his employees are required to labor, and of other places thereon which they are expressly or impliedly invited and permitted to use, but this obligation extends to the places of entrance to and exit from the place where the work is performed (35 Am. Jur., Master and Servant, § 185, and cases there cited).

In submitting the case to the jury the Trial Judge said, in substance, among other things, that in order for plaintiff to recover damages the burden was on her to establish that a slippery condition caused her to fall and sustain injuries; that she fell upon ice; that the ice which caused her fall resulted from water draining from the roof of the building; she was also required to prove by a preponderance of the evidence that the water which drained from the roof and was subsequently transformed into ice was a condition known to defendant, or which should have been known to her, and which she should have recognized and corrected; the jury was also told that plaintiff was required to satisfy them that defendant, in the exercise of reasonable care, should have known that the roof was so constructed that it would precipitate water upon part of the premises used by plaintiff and others and that it would be dangerous to permit the precipitation of water upon the premises provided for plaintiff's use. Continuing the charge the court said: "Therefore, if you find that Mrs. Schmidt fell upon ice which was caused to exist upon a portion of the premises which she would be apt to use, because of the construction of this building and under circumstances where a reasonably careful and prudent person in Mrs. Carper's position would have recognized the danger and would have corrected it, then you may say — if you find all of those things — that Mrs. Carper was negligent. If you find further that Mrs. Schmidt acted as a reasonably careful and prudent person would have acted in stepping upon that portion of the premises but that nevertheless she fell, notwithstanding the exercise of reasonable care, you may in that event find a verdict for the plaintiff."

Defendant took no exception to these portions of the charge to which I have referred and hence they must now be regarded as the law of the case.

The questions of negligence and contributory negligence have been decided in favor of the plaintiff, and, in view of the proof

and the court's charge, we are bound to accept the determination of the trier of the facts.

On behalf of defendant it is said that plaintiff was in charge of the premises and that consequently defendant is absolved from liability. Neither the wisdom of prophet nor of high priest is required to demonstrate how utterly meaningless that statement is.

Plaintiff was defendant's servant. Her duty was not to command but to obey. Obviously she had no authority to cause structural changes to be made in defendant's building so as to insure her safety. The novel argument that defendant was sick at the time and hence immune from responsibility is equally fallacious. Of course she was not bound to anticipate her illness; she was bound, however, to anticipate and foresee what might reasonably happen to plaintiff in the performance of her duties in freezing weather due to the construction of the roof of her building.

We are also of the opinion that precedent sustains this judgment. (*Clapper* v. *Zubres,* 261 App. Div. 850, affd. 285 N. Y. 770; *Van Slyke* v. *Fivey,* 266 App. Div. 889; *Braley* v. *Fleming,* 266 App. Div. 1011, motion for leave to appeal to the Court of Appeals denied, 291 N. Y. 827; *Piculell* v. *Sargent,* 268 App. Div. 871.)

In *Clapper* v. *Zubres* (*supra*) the premises consisted of a two-family house. Defendants occupied the first floor and plaintiff was in the employ of a family occupying the second floor. While plaintiff was attempting to enter the premises she fell on the steps due to an accumulation of snow and ice. There was evidence that snow and ice dripped from the roof across the stairway. A judgment in plaintiff's favor was sustained by our court.

In *Van Slyke* v. *Fivey* (*supra*) plaintiff slipped and fell on an icy walk along the rear of an apartment house in which she lived and which was owned by the defendant. This was a common walk provided by the defendant for the use of all of his tenants, and was located at a point where roof water dripped on it. There were no gutters on the building. The water would run off of the roof on the walk and freeze. Hummocks and ridges of ice, very uneven, covered the walk in some places from two to four inches thick. This icy condition had existed almost continuously for two months and for at least two weeks prior to the accident. Some of it was directly in front of a door leading from the building out onto the walk. Mrs. Van Slyke came out of this door, stepped on the walk, slipped and

fell. Although she had knowledge of the presence of the ice on the walk it was impossible for her to reach her destination without traveling on the walk. This court reinstated a verdict in plaintiff's favor.

In *Braley* v. *Fleming* (*supra*) there, too, the court held that plaintiff was entitled to a verdict. In that case the action was to recover damages for personal injuries sustained by plaintiff when she slipped on a rug in a house where she was employed. The rug slipped on the floor and she fell.

In *Piculell* v. *Sargent* (*supra*) plaintiff, a carpenter, sustained personal injuries while in the employ of the defendants at their home. In the course of his employment he fell when he slipped on a small scatter rug on a highly waxed and polished floor. There also a recovery by plaintiff was upheld.

It is sought to distinguish the *Clapper* and *Van Slyke* cases from the one at bar on the ground the injuries occurred on passageways used in common by the occupants of two-family houses. That distinction is quite inept and does not help defendant. Moreover the duty cast upon the owner of an apartment house to maintain his premises in a reasonably safe condition for his tenants and their employees is no greater than that which the law imposes upon the owner and occupant of a one-family house to foresee and guard against conditions which are a menace to his employees.

The judgment and order appealed from should be affirmed, with costs.

HILL, P. J., FOSTER and LAWRENCE, JJ., concur with BREWSTER, J.; HEFFERNAN, J., dissents in an opinion.

Order and judgment reversed on the law and facts, and the complaint dismissed, without costs.