the unlawful maintenance, by the defendant, of an obstruction or encroachment in and upon the public sidewalk and in front of the premises owned by the defendant. Plans for the alteration of said premises provided for a stoop of five steps with newel posts at each end of the bottom or fifth step. When the work was done an additional step was constructed on the sidewalk beyond the stoop as planned. This step begins at a point level with the sidewalk and approximately two feet east of the east railing of the stoop, and extends west to a point approximately six inches west of the west railing of said stoop and at this westerly point the sixth, or additional, step projects above the level of the sidewalk about eight and one-half inches and extends out from the fifth step and into the sidewalk an additional distance of eleven inches. The construction of this sixth or additional step is conceded to be contrary to the plans as filed and that no authority or permission was granted by the municipal authorities for the construction of the same. Plaintiff, while passing along the street at night tripped over the step, fell and received the injuries complained of.

*William A. Schacht* for appellant.

*E. C. Sherwood* and *William L. O'Brion* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

MARTIN MURPHY, Respondent, *v.* ROCHESTER TELEPHONE COMPANY et al., Appellants.

*Negligence — trespass — contract — action by lineman to recover for injuries occasioned by fall of telephone pole — when plaintiff was on pole as matter of right under contract for joint ownership of poles as modified by practical construction.*

*Murphy* v. *Rochester Telephone Co.*, 208 App. Div. 392, affirmed.
(Argued April 7, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial

department, entered March 14, 1924, unanimously affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendants. This action was brought to recover damages for the alleged negligence of the defendants as joint owners of a telephone pole, which fell while being climbed by the plaintiff, who was a lineman of the Rochester Gas and Electric Corporation, the pole breaking off at the base at the level of the ground. The question was whether under a contract between plaintiff's employer and defendants relative to joint ownership, use and maintenance of poles as modified by practical construction by the parties, the plaintiff was on the pole by invitation and by right.

*Eugene Raines* for Rochester Telephone Company, appellant.

*Myron T. Bly* for New York Telephone Company, appellant.

*Merwin Morehouse* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ. Dissenting: McLAUGHLIN, J. Not voting: POUND, J.

---

THE CITY OF NEW YORK, Appellant, *v.* THE ATLANTIC YACHT CLUB, Respondent.

*Real property — title — ejectment — New York city — action by city of New York to eject defendant from upland and land under water on north side of Coney Island point.*

*City of New York* v. *Atlantic Yacht Club*, 209 App. Div. 642. affirmed.

(Argued April 8, 1925; decided May 5, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 30, 1924, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term