SIGMUND FORNAGIEL, an Infant under the Age of Fourteen Years, by JOE FORNAGIEL, His Guardian ad Litem, and JOE FORNAGIEL, Appellants, Respondents, v. CELIA WACHOLDER, Respondent, Impleaded with A-ED REALTY Co., INC., Defendant, and NATHAN PENNER, Appellant. (Appeal No. 1.)

Second Department, March 6, 1936.

*S. Stanley Glassman,* for the plaintiffs-appellants-respondents.

*Joseph S. Robinson* [*Sydney Weitzer* of counsel], for the appellant, Nathan Penner.

*Everett W. Bovard,* for the respondent Celia Wacholder.

YOUNG, J.   The action is brought to recover damages for personal injuries alleged to have been sustained by the infant plaintiff by the fall of a clothes-pole, through the negligence of the defendants, and also by the father of the infant for damages, expenses and loss of services.

Another appeal by defendant Penner in this case from an order denying his motion to vacate the judgment against him or to reduce it to $1,500, the amount of an alleged settlement of plaintiffs' claim, or to direct plaintiffs to accept that sum in full settlement, has been decided herewith and we have determined that that order be reversed and a new trial granted as to defendant Penner.   It will, therefore, be unnecessary to consider his appeal from the judgment in the present case, so far as it involves plaintiffs' recovery against him.   As to his appeal from the judgment so far as it dismisses the complaint as to defendant Wacholder, he is not a party aggrieved and is not entitled to appeal therefrom.   (*Ward* v. *Iroquois Gas Corp.,* 258 N. Y. 124.)   The only questions, therefore, involved in this appeal are those which arise upon plaintiffs' appeal from the judgment dismissing their complaint as against defendant Wacholder.

The facts which might have been found by the jury upon the evidence are that, at the time of the accident, defendant Wacholder owned premises No. 1765, defendant A-Ed Realty Co., Inc., No.

1767, and defendant Penner, No. 1769 Prospect place, Brooklyn. Upon the premises owned by defendant Penner there was a clothes-pole owned by that defendant. On March 22, 1932, the infant plaintiff, who was then about twelve years of age, was playing ball in the backyard of No. 1765. He lived with his father, the other plaintiff, who was defendant Wacholder's superintendent at that place. While the infant was bending to pick up the ball, the clothes-pole in the yard of No. 1769 was uprooted and fell in the direction of No. 1765 Prospect place and struck the infant plaintiff, causing the injuries complained of. Prior to the accident, defendant Wacholder, on the complaint of her tenants that they had no clothes-pole, directed them to use the pole owned by defendant Penner, and they did so. After such use, it appeared that the pole was leaning over toward the Wacholder property. Penner complained of the use of his pole by Wacholder's tenants, and she, with knowledge that the pole was thus leaning over, said that she would attend to it and would put up another pole, but did nothing to that end. The pole fell on March 22, 1932, and caused the injuries of the infant plaintiff. On that day there were lines from Wacholder's tenants attached to the Penner pole, with clothes hanging upon them. I think that, from the evidence, the jury could find that the additional weight or strain of these clothes upon the lines from No. 1765 to Penner's pole caused its fall. It appears from the report of the Weather Bureau that on the day in question the wind was northwest, with an average velocity of twenty-one and one-tenth miles and a maximum velocity of fifty-one miles.

At the close of the evidence the court granted the motion as to defendant A-Ed Realty Company to dismiss the complaint and reserved decision on a similar motion made for defendant Wacholder, and denied such motion by defendant Penner. The court then submitted four questions to the jury, the first and second being as to whether plaintiff had established negligence on the part of defendants Penner and Wacholder, respectively, and the third and fourth, as to what damage had been sustained by the infant plaintiff and his father. The jury answered the first and second questions in the affirmative and found that the damage sustained by the infant plaintiff was $4,000, and by the father $500. The trial court then determined the motion of defendant Wacholder, which had been reserved, and dismissed the complaint as to her.

The question to be determined is whether, upon the facts above, negligence on the part of defendant Wacholder is established. In my opinion, it is.

In *McGuire* v. *Bell Telephone Co.* (167 N. Y. 208) plaintiff was a lineman employed by the defendant and at his foreman's directions he climbed a pole on which defendant's wires were strung, but which belonged to another company which had given permission to defendant to string its wires upon such pole. While plaintiff was on the pole, it broke and he was injured. The court held that the telephone company was liable and that it was its duty, although not the owner, to exercise reasonable care by way of inspection to see that it was safe. The court also said that, if the pole had injured a passer-by, it would be no answer for the defendant to say that it did not own the pole; that it was bound, both as to third parties and its own workmen, to erect and maintain a reasonably safe structure and had no right to use for that purpose an unsafe appliance, whether its own or that of a third party; that by using the pole as part of its line it adopted it as its own.

In my opinion, the rule laid down by the Court of Appeals in the case last cited is applicable to the case at bar. The act of defendant Wacholder in authorizing her tenants to use the pole was one which imposed upon her a duty, by inspection or otherwise, to determine whether such use would be reasonably safe, even though she was not the owner of the pole. She assumed, by this authorization, control of Penner's pole to the same extent as though it were a part of her own premises, and she was obliged to see that it was reasonably safe for use; and failure on her part so to do would, in my opinion, constitute negligence, or, at all events, the jury would be warranted in so finding. While the velocity of the wind on that day might have helped to bring about the fall of the pole, I think the jury were warranted in finding that the additional weight or strain of the clothes upon the lines of Wacholder's tenants caused the pole to lean toward her premises and to fall, and that such additional weight or strain was a contributing cause of its fall. The velocity of the wind on that day was not greater than that which frequently occurs in this vicinity. In other words, it was not a tornado which caused the fall of the pole and it cannot be deemed an act of God.

The judgment dismissing the complaint as to defendant Wacholder should be reversed on the law, with costs, the verdict reinstated, the action severed, and judgment directed in favor of plaintiffs against defendant Wacholder upon such verdict, with costs. The appeal by defendant Penner from the judgment should be dismissed as unnecessary in view of our decision granting him a new trial on his appeal from the order above referred to.

LAZANSKY, P. J., HAGARTY and JOHNSTON, JJ., concur; DAVIS, J., writes for reversal and a new trial.

Davis, J. (dissenting in part). I concur for reversal but favor a new trial. The determination by the majority that defendant Wacholder was negligent is on a different theory from that submitted to the jury on the trial. Somewhat vaguely the jury were told that the doctrine of *res ipsa loquitur* applied; and there was no definite statement of liability to be applied to this defendant, who was not the owner of the pole and had no duty, right or opportunity to make inspection and repair on the premises of another who was apparently objecting to its use by defendant's tenants. Defendant may be liable to her tenants on the theory that, without right and without knowledge as to whether the pole was defective or not, she authorized them to use the pole of another; but that is not the theory on which this case was clearly submitted to the jury.

The doctrine in *McGuire* v. *Bell Telephone Co.* (167 N. Y. 208) is scarcely applicable here. In that case the defendant was using a pole belonging to another, by license and permission. Here there is no claim that this defendant had any such permission. On the contrary, permission was not sought, and the plaintiffs as well as defendant Wacholder were trespassers. If there is to be a new trial as to defendant Penner, there should also be a new trial as to defendant Wacholder. Otherwise the practical result will probably be that the liability will fall entirely on the latter, for the plaintiffs have already recovered full damages.

Judgment dismissing complaint as to defendant Wacholder reversed on the law, with costs, verdict reinstated, the action severed, and judgment directed in favor of plaintiffs against defendant Wacholder upon such verdict, with costs.

The appeal by defendant Penner from the judgment is dismissed as unnecessary in view of the decision in *Fornagiel* v. *Wacholder, No. 2* (247 App. Div. 793), decided herewith.