■ SAGOLD CORPORATION, Respondent, v. BELDEN MANOR HOMES, INC., et al., Appellants, et al., Defendants.— In an action to foreclose three mortgages on real property, the appeal is from an order denying a motion to vacate the judgment of foreclosure and sale. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ MINNA SHIFFRIN et al., Respondents, v. MAX BEIGEL, Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order denying a motion to dismiss the complaint for lack of prosecution, pursuant to rule 156 of the Rules of Civil Practice, on condition that respondents file a note of issue for the next term of court. Order affirmed, without costs. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ MIRABEAU C. TOWNS, JR., Appellant, v. NAGLER HELICOPTER CO., INC., Respondent.— In an action to recover salary alleged to be due under an employment contract, and for other relief, the appeal is from an order denying a motion to strike out the answer and for summary judgment pursuant to rule 113 or rule 114 of the Rules of Civil Practice. Order affirmed, with $20 costs and disbursements. No opinion. Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ ELIZABETH TUTTLE, Appellant, v. SOL GOLD, Respondent.— Plaintiff was taking in wash from a clothesline which ran from the window of her third-floor apartment in defendant's building to a clothes pole in the rear yard. The pole snapped and fell to the ground and plaintiff, in an effort to avoid being pulled out of the window, sustained the injuries for which she brought this action in the County Court, Nassau County. The appeal is from a judgment dismissing the complaint at the close of plaintiff's case. Judgment reversed and a new trial ordered, with costs to appellant to abide the event. In our opinion appellant made out a prima facie case. Respondent was duty bound to use reasonable care by way of inspection at appropriate intervals to determine whether the pole was reasonably safe for use. (*Sizse* v. *Wegmann*, 169 App. Div. 112.) It was for the jury to say whether or not the failure to use reasonable care constituted negligence. (*Fornagiel* v. *Wacholder*, 247 App. Div. 305, 308, affd. 272 N. Y. 589.) Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.