HARRY RYDER, Plaintiff, v. CUE CAR RENTAL, INC., Also Known as NATIONAL CAR RENTAL OF SYRACUSE, Respondent, and THOMAS C. LIBERATORE, Appellant.

Fourth Department, May 15, 1969.

144

*Bond, Schoeneck & King* (*Robert E. Moses* of counsel), for appellant.

*Alan J. Goldberg* for respondent.

DEL VECCHIO, J. P.  In this action to recover damages for personal injuries the jury returned a verdict in favor of plaintiff against both the owner and the operator of an automobile. Plaintiff was an insured person; defendant Liberatore, the driver, carried no insurance and MVAIC appeared on his behalf.  Implicit in the verdict was a finding that the driver was operating the car with the permission and consent of its owner, codefendant Cue Car Rental Inc. (Cue Car).  Upon motion by Cue Car, the court set aside the verdict as against that defendant upon the ground it was contrary to the weight of the evidence and dismissed the complaint.  Liberatore and MVAIC, as its interest appears, appeal from the order and judgment entered thereon.  Plaintiff did not appeal.  Cue Car moved to dismiss the appeal upon the ground that defendants are joint tort-feasors with a right of contribution, relying on cases which hold that one defendant may not appeal from a dismissal of the complaint against a codefendant as not being an aggrieved party within the meaning of CPLR 5511.  (*Ward* v.

*Iroquois Gas Corp.,* 258 N. Y. 124; *Schultz* v. *Alfred,* 11 A D
2d 266; *Fornagiel* v. *Wacholder,* 247 App. Div. 305.) We denied
the motion with leave to renew upon argument of the appeal.

Contrary to Cue Car's claim, we do not have an active joint
tort-feasor situation involving a right of contribution. Rather,
this is an indemnification situation in which the right existing
between the codefendants is one by which the absentee owner of
the vehicle (Cue Car) may recover from the negligent driver
(Liberatore) the entire amount of any judgment paid by Cue
Car to the injured plaintiff. (*Naso* v. *Lafata,* 4 N Y 2d 585,
590.) In this circumstance, there would be even less reason
to consider the driver (with no right of contribution from the
codefendant owner) an aggrieved party under CPLR 5511
who might appeal a dismissal against his codefendant than
there would be to consider an active joint tort-feasor
codefendant an aggrieved party with a right to appeal.

However, this appeal is taken not only by the driver, Libera-
tore, but also by MVAIC, as its interest may appear. While
never actually named a party to the action, MVAIC served an
answer on behalf of both the driver and itself and the same
law firm which served the pleading appeared at and participated
fully in the trial. Attorneys for both defendants have executed
a stipulation that there is no policy of insurance which would
insure the driver, Liberatore, other than the policy issued to
the owner. Thus, if Liberatore was not driving with the owner's
permission at the time of the accident so as to be protected by
the owner's insurance, he was an uninsured motorist and
MVAIC would become responsible for a judgment against
him to the extent of its liability. The purpose of the MVAIC
indorsement on an insurance policy is to provide indemnifica-
tion to an insured who is legally entitled to recover damages
from the owner or operator of an uninsured automobile.
(*McCarthy* v. *Motor Vehicle Acc. Ind. Corp.,* 16 A D 2d 35, affd.
12 N Y 2d 922.) For this reason, the attorney who appeared on
behalf of Liberatore was largely protecting MVAIC's interest
at the trial. One of the principal issues litigated was the issue
of permissive use; this was the critical issue which determined
MVAIC's responsibility or lack thereof, for, if permissive use
were established, the driver would not be uninsured and MVAIC
would be relieved of liability. It was this very issue on which
the Trial Judge set aside the jury's determination and
substituted his own conclusion.

In these circumstances it would be entirely unrealistic to say
that MVAIC is not " aggrieved " by the judgment setting aside
the verdict against Cue Car. The fact that it was not a nominal

party in the action should not prevent its qualifying under CPLR 5511 to prosecute this appeal. "The statutory provision [authorizing appeal by an aggrieved party] does not preclude an appeal by persons aggrieved, who, though not strictly parties, are so connected with the litigation that they may be termed quasi parties." (10 Carmody Wait 2d, New York Practice, § 70:69.) Instances in which persons not originally made parties have been permitted to prosecute appeals because aggrieved by the determination sought to be reviewed may be found in *Matter of Attorney-General* v. *North Amer. Life Ins. Co.* (77 N. Y. 297) and in *Soto* v. *Lenscraft Optical Corp.* (7 N Y 2d 747). For all practical purposes, MVAIC is and has been since the submission of an answer a real party in this action. It would be an extremely technical and harsh result now to dismiss the present appeal and thereby to confirm the imposition of liability upon MVAIC—which is under a statutorily based obligation to respond for Liberatore's negligence—by reason of an alleged erroneous determination by the Trial Judge.

There is a further reason why the present appeal is proper. Subdivision (b) of section 609 of the Insurance Law specifically authorizes MVAIC to enter an appearance "on its own behalf and on behalf of the defendant", file a defense, appear at the trial, conduct the defense, and "take recourse to any appropriate method of review on behalf of, and in the name of, the corporation, and the defendant". In view of this express provision conferring upon MVAIC the right to appeal—which is obviously directed to actions in which it does not have standing to appeal by way of being a named party—there is no basis for denying MVAIC standing to appeal in this action. Therefore the motion to dismiss the appeal should be denied.

The sole question remaining is whether the court erred in setting aside the verdict as against the weight of the evidence and dismissing the complaint as to Cue Car.

The complaint alleges that Liberatore was operating the vehicle with permission and consent of the owner and the case was tried on that theory. The court charged the jury at length concerning the effect of section 388 of the Vehicle and Traffic Law, correctly stated that there is a presumption that a vehicle is being operated with consent and left the issue of permissive use to the jury, with an instruction that no verdict could be returned against Cue Car unless Liberatore were found to have been driving with the owner's permission.

In setting aside the verdict against the owner, Cue Car, the Trial Judge, although stating that the verdict was against the

weight of the evidence, concluded that there was no evidence of permission granted to Liberatore and that the testimony by the owner's manager that he did not give the driver permission to use the car at the time of the accident rebutted the presumption of permission as a matter of law. This of course was error. As the court said in *Reyes* v. *Sternberg* (27 A D 2d 828): "The proof of defendant's ownership of the motor vehicle which struck the plaintiffs created a presumption that the driver, a garage mechanic, was using the vehicle with the defendant's permission, express or implied. (See Vehicle and Traffic Law, § 59, now § 388.) This presumption was rebuttable but, *even in the case of substantial evidence to the contrary,* the question of consent and authority ordinarily presents an issue of fact. Upon the record here, the presumption was not rebutted as a matter of law by the testimony of the defendant (owner) that he had given the car to the mechanic for repair work to correct a difficulty in starting the engine and that he had not given the mechanic permission to drive the car. The issues, including questions of credibility, should have been submitted to the jury." So, also, in *Cosimo* v. *Hallenbeck* (19 A D 2d 921) it was held that the owner's statement disavowing permission to the driver to operate the vehicle at the time and place of the accident "although uncontradicted presents a question of credibility and cannot be deemed to rebut as a matter of law the presumption created by the statute". To the same effect, that permission is a factual issue, are *May* v. *Heiney* (12 N Y 2d 683) and *Brindley* v. *Krizsan* (18 A D 2d 971, affd. 13 N Y 2d 976); and see I NYPJI 1: 63.

In the present case the trial court in its decision recognized that the issue of permissive use was a sharply disputed one. Inasmuch as a question of fact existed, it was error to set aside the verdict against Cue Car and dismiss the complaint as to that defendant. Such relief is authorized only when the party in whose favor judgment is directed is entitled to judgment as a matter of law. (CPLR 4404, subd. [a].) If, in fact, the court had determined that the verdict was contrary to the weight of the evidence, the proper disposition would have been to set aside the verdict and order a new trial. (*Dowell* v. *Remmer,* 24 A D 2d 542.) Here, however, the jury had the benefit of a presumption of permission, coupled with proof of prior use of the same vehicle involved in the accident by the same driver, at times accompanied by the owner's manager's son, and testimony by the manager that Liberatore, his employee, had a limited permission to use company vehicles for personal use, together with testimony by Liberatore that he

had permission from the manager to drive the vehicle at the time of the accident. Upon this record it cannot be said that the preponderance of the evidence was so great that the jury could not have reached the verdict it did on "any fair interpretation of the evidence". (*Rapant* v. *Ogsbury,* 279 App. Div. 298, 300; *Marton* v. *McCasland,* 16 A D 2d 781, 782.)

Accordingly the order and judgment setting aside the verdict and dismissing the complaint against Cue Car should be reversed on the law and facts, the verdict reinstated, and judgment directed against both defendants.

WITMER, GABRIELLI, MOULE and HENRY, JJ., concur.

Order and judgment setting aside verdict and dismissing complaint against Cue Car Rental, Inc. unanimously reversed on the law and facts without costs, verdict reinstated and judgment directed against both defendants. Motion to dismiss appeal denied without costs.