MICHAEL J. HOLOHAN, Respondent, *v.* NIAGARA MOHAWK POWER CORPORATION, Appellant.

Third Department, October 25, 1973.

*Lyons & Duncan* (*Condon A. Lyons* of counsel), for appellant.

*Carola & McKane* (*James S. Carter* of counsel), for respondent.

MAIN, J.   This is an appeal from a judgment of the Supreme Court in favor of plaintiff, entered June 20, 1972 in Albany County, upon a verdict rendered at a Trial Term, and from an order of said court, entered June 20, 1972, which denied defendant's motion to set aside the verdict.

Plaintiff, a lineman, was injured when a utility pole on which he was working for his employer, New York Telephone Company, fell on August 23, 1968.   The pole was jointly owned by the defendant and the telephone company.   Prior to climbing the pole, plaintiff had examined it and satisfied himself that it was safe to climb, especially since he had noticed that the pole had fresh gaff marks, evidence that it had recently been climbed by another lineman.   Admittedly, he had not performed all possible tests on the pole to determine that it was safe.

One of the defendant's foremen had examined this same pole on August 14, 1968.   He testified that at that time the pole appeared dangerous, but, contrary to instructions, he failed to notify his superiors that the pole was defective.   An examination after the accident revealed that the base of the pole was deteriorated.

The jury awarded the plaintiff $27,000. On this appeal, defendant contends that it owed no duty to warn the plaintiff of the dangerous pole and that, hence, plaintiff did not prove any facts from which the jury could infer that the defendant was negligent. Defendant further contends that plaintiff failed to prove his freedom from contributory negligence. We find these contentions to be unpersuasive.

While both parties acknowledge the rule that the owner of a utility pole owes a duty to persons rightfully thereon to provide a safe place to work or if the pole is to be repaired or replaced, a duty to warn (*Storm* v. *New York Tel. Co.,* 270 N. Y. 103; *Murphy* v. *Rochester Tel. Co.,* 208 App. Div. 392, affd. 240 N. Y. 629), defendant argues that it owed no duty to plaintiff because he was an employee of the co-owner of the pole. However, this argument was laid to rest in *Murphy* v. *Rochester Tel. Co.* (*supra*) where the court found that in the case of joint owners, both owed a duty to employees who would work upon the pole, and that while an employee could not sue his own employer pursuant to the Workmen's Compensation Law, he was free to sue any third party liable, including the joint owner.

The question of contributory negligence is almost exclusively a fact question for the jury (*Wartels* v. *County Asphalt,* 29 N Y 2d 372), and the presence of gaff marks indicating that another lineman had recently climbed this pole with safety and plaintiff's examination of the pole were certainly factors which the jury could consider in determining the reasonableness of plaintiff's actions. We cannot say, on this record, that the jury was unreasonable in finding plaintiff free from contributory negligence.

The judgment should be affirmed, with costs.

STALEY, JR., J. P., GREENBLOTT, COOKE and REYNOLDS, JJ., concur.

Judgment affirmed, with costs.