■ VITO VAVALLO, Respondent, v CONSOLIDATED EDISON Co. OF NEW YORK, INC., Appellant and Third-Party Plaintiff-Appellant-Respondent. NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Respondent-Appellant.—In an action to re-

cover damages for personal injuries, (1) the defendant and third-party plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated May 6, 1987, which denied its motion to set aside the verdict, and for judgment as a matter of law either in its favor and against the plaintiff dismissing the complaint, or in its favor and against the third-party defendant for the full amount of the plaintiff's judgment, or, in the alternative, for a new trial, and the third-party defendant separately appeals from so much of that order as denied that branch of the defendant and third-party plaintiff's motion, which was joined in by it, which was to set aside the verdict in favor of the plaintiff, and (2) the defendant and third-party plaintiff and the third-party defendant separately appeal from a judgment of the same court, dated June 15, 1987, which, upon a jury verdict, is in favor of the plaintiff and against the defendant and third-party plaintiff in the principal sum of $5,500,000, and is in favor of the defendant and third-party plaintiff and against the third-party defendant in the principal sum of $1,925,000.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts and as a matter of discretion, without costs or disbursements, the third-party complaint is amended to conform with the proof at the trial, it is adjudged and declared that the defendant and third-party plaintiff shall recover against the third-party defendant for the full amount of the plaintiff's judgment against it, and a new trial is granted on the issue of the plaintiff's damages only, unless, with 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to the principal sum of $2,800,000. In the event the plaintiff so stipulates, then the judgment is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision declaring that the defendant and third-party plaintiff shall recover against the third-party defendant for the full amount of the plaintiff's judgment against it, and the judgment, as so modified, reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment. The verdict as to the defendant and third-party plaintiff's liability to the plaintiff is affirmed.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (CPLR 5501 [a] [1]).

The plaintiff, an employee of the third-party defendant, was injured in 1972 when the telephone pole upon which he was descending fell down and landed on his back. As a result of the accident, the plaintiff sustained serious and permanent injuries. The subject pole had previously been uprooted, and a new pole inserted in its place. The old pole was placed next to the new pole and secured to it pending transferral of all equipment from the old pole onto it. Once the new pole was put into place, the third-party defendant immediately transferred its equipment from the old pole onto it, and, according to custom and practice, left the old pole in place so that the defendant and third-party plaintiff could transfer its equipment from the old pole to the new pole. Thereafter, the third-party defendant discovered that its cross box on the new pole was somehow blocked by the old pole and asked the defendant and third-party plaintiff to dispatch a crew to transfer its equipment and remove it. While awaiting the arrival of the defendant and third-party plaintiff's crew, the plaintiff, a lineman for third-party defendant, commenced work in preparation for the arrival of the defendant and third-party plaintiff's crew. He climbed the new pole and removed the brackets between the two poles in order to release the blocked cross-box door. The accident occurred while the plaintiff was attempting to descend the old pole, which he had concluded, after testing it, was safely set in the ground and had not been cut.

The jury concluded that the plaintiff was free from contributory negligence, that the defendant and third-party plaintiff was 65% at fault in the happening of the accident, and that the third-party defendant was 35% at fault in the happening of the accident.

On appeal, the defendant and third-party plaintiff and the third-party defendant argue that, *inter alia,* the defendant and third-party plaintiff had no duty either to provide the plaintiff with a safe work place or to warn him of a latent, dangerous condition. We disagree.

The defendant and third-party plaintiff, as a joint user, exerted control over the old pole and maintained its equipment on it. By custom and usage it had the responsibility to

remove the old pole and owed the plaintiff a duty to provide him with a safe work place or to warn him of the pole's defective condition *(see, McGuire v Bell Tel. Co.,* 167 NY 208; *Fornagiel v Wacholder,* 247 App Div 305, 308, *affd* 272 NY 589).* There was circumstantial evidence to the effect that the defendant and third-party plaintiff had performed work on the old pole and removed the lashings at the top of it which helped to secure it in place and would have indicated that it had been cut. Thus, the verdict with respect to the defendant and third-party plaintiff's fault was based on sufficient evidence and was not against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493).

At the trial, no objection was made to the plaintiff's attorney's description in his opening statement of proof of the plaintiff's deteriorated kidney condition and his need for dialysis treatment nor was there any objection to the plaintiff's testimony on this subject. Therefore, the testimony offered on this subject is presumed to have been unobjectionable, and any alleged error in its admission was waived *(see, Horton v Smith,* 51 NY2d 798, 799; *Matter of Giacalone,* 143 AD2d 749; *Sanchez v Kato, Inc.,* 115 AD2d 646; *Rubio v Reilly,* 44 AD2d 592; CPLR 4017).

However, the trial court erred when it failed to rule on the merits of the third-party complaint. Although the third-party complaint could have been more specific, it did raise a claim for indemnification sounding in breach of contract. In any event, the trial court should have granted the motion by the defendant and third-party plaintiff for leave to serve an amended third-party complaint clearly setting forth its cause of action for indemnification, since there was no prejudice to the third-party defendant *(see, Murray v City of New York,* 43 NY2d 400). Since a cause of action for indemnification does not accrue until the payment of the judgment in the underlying action, the third-party plaintiff cannot be charged with undue delay *(see, Cubito v Kreisberg,* 69 AD2d 738; 23 NY Jur 2d, Contribution, Indemnity and Subrogation, § 65).

A written agreement between the defendant and third-party plaintiff and the third-party defendant dated January 2, 1939, received in evidence without objection, provides, in pertinent part: "[W]henever any liability is incurred by either or both of the parties hereto for damages for injuries to the employees * * * of either party * * * arising out of the joint use of poles under this agreement * * * *[e]ach party shall be liable for all damages for such injuries to its own employees * * * as are*

*caused by the concurrent negligence of both parties"* (emphasis supplied).

The express and unambiguous terms of the agreement between the parties lead to the conclusion that since there has been an adjudication of "concurrent negligence of both parties", the third-party defendant is "liable for all damages" to its employee, the plaintiff. Thus, the trial court should have awarded the defendant and third-party plaintiff judgment against the third-party defendant for the full amount of the plaintiff's judgment against it.

With respect to the jury's assessment of damages, in view of all of the circumstances, we find the verdict was excessive to the extent indicated.

The remaining contentions of the defendant and third-party plaintiff and the third-party defendant have been considered and found to be either unpreserved for appellate review or without merit. Bracken, J. P., Kunzeman, Spatt and Rosenblatt, JJ., concur.