■ JOYCE STEINMETZ, Respondent, et al., Plaintiff, v CALDOR, INC., Appellant.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an amended judgment of the Supreme Court (Weiner, J.), entered November 20, 1989 in Rockland County, upon a verdict rendered in favor of plaintiff Joyce Steinmetz.

In August 1986, plaintiff Joyce Steinmetz (hereinafter plaintiff) went to defendant's store in Nanuet, Rockland County, to shop for an exercise bicycle. When she observed a man sitting on an exercise bicycle, plaintiff mounted a similar one which immediately collapsed, causing her to fall and sustain a thoracic and lumbosacral strain and a coccygeal bruise. Thirteen months after the accident plaintiff was medically advised that her condition could worsen and might require corrective surgery. Thereafter, plaintiff and her husband commenced this action in Supreme Court to recover for the injuries sustained as a result of the fall.

A trial was held in February 1989 after which the jury returned a unanimous verdict in favor of plaintiff, finding defendant liable in negligence for the injuries plaintiff sustained and that such negligence was the proximate cause of those injuries. Plaintiff was awarded $50,000 for past pain and suffering and $450,000 for future pain and suffering, with plaintiff's husband awarded nothing on his derivative cause of action. Defendant moved for an order setting aside the verdict as excessive and against the weight of evidence. Supreme Court granted the motion to the extent that it ordered a new trial unless plaintiff stipulated to a reduction of the award for future pain and suffering to $100,000. Plaintiff stipulated to the reduced amount and an amended judgment in the amount of $150,000 was entered. This appeal by defendant ensued.

Turning first to the issue of liability, we are constrained to find that plaintiff conclusively established, prima facie, that defendant breached its duty to maintain the equipment on its premises in a reasonably safe condition by negligently displaying the exercise bicycle in the sporting goods area of its premises (see, Rogers v Dorchester Assocs., 32 NY2d 553). Immediately after the mishap, plaintiff complained to defendant's store manager, who proceeded to where the collapsed bicycle was located, picked it up and sat down on it, thereby causing the bike to collapse once again. The store manager then summoned an employee to remove the bicycle, calling it

"dangerous".* Plaintiff and the store manager completed an accident report memorializing the incident. Significantly defendant's assistant store manager conceded that the assembly of the bicycles on display was done by defendant's employees and placed on the showroom floor for sale.

Furthermore, defendant had no policy regarding the placement and control of the bicycles displayed for sale and no one was assigned to insure that they were properly and safely assembled. Since there was evidence that reasonable inspection of the bicycles, particularly the one that collapsed causing plaintiff's injuries, would have given defendant notice that the subject bicycle was unsafely assembled, the jury could properly conclude that defendant was negligent and that its negligence was a proximate cause of the accident (see, Albergo v Deer Park Meat Farms, 138 AD2d 656, 657). We therefore conclude that the record fully justified the jury's verdict on the issue of liability (see, supra).

As to the award of damages, in spite of having voluntarily signed the stipulation to reduce the sum awarded for future pain and suffering and not having cross-appealed, plaintiff requests this court to reinstate the jury award of $500,000 while defendant asks this court to modify downward the amended judgment of $150,000. Upon review of the record and considering that the sums challenged on appeal were fixed by Supreme Court with the parties consenting thereto, we deny any adjustment to the stipulated award (see, CPLR 5501 [c]).

Amended judgment affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.

---

* We note here that we find the store manager's statement admissible as a statement against interest as there is no doubt that he was defendant's agent.