■ MARILYN VAN NORDSTRAND et al., Respondents, v HILLS DEPARTMENT STORE, INC., Appellant. [647 NYS2d 67] —Peters, J. Appeal from an order of the Supreme Court (Ellison, J.), entered September 14, 1995 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.

On February 25, 1992, as plaintiff Marilyn Van Nordstrand (hereinafter plaintiff) entered defendant's store in the City of Elmira, Chemung County, she proceeded through the first door of the entrance area and was about to pass through a second door that was being held open by a store employee, Paul Scrimale, when she tripped and fell to the floor, striking her head.* Immediately after the accident, defendant's employees removed the floor mat that plaintiff had been walking on when she fell and discovered that the mat had a wire loop protruding out of it. Scrimale, who had been sweeping the floor in the subject area and had witnessed the accident, stated that the mat was over six years old and in a worn condition and the wire was part of the structure holding the mat together. Plaintiff and her husband commenced this personal injury action alleging, *inter alia*, that defendant was negligent in failing to use reasonable care to maintain the store's entrance in a safe condition and in providing and maintaining a worn and defective mat. Subsequently, defendant moved for summary judgment dismissing the complaint. Supreme Court denied this motion and this appeal by defendant followed.

We affirm. Notably, defendant principally maintains that because neither plaintiff nor Scrimale were looking at plaintiff's feet at the time she tripped, it would be unduly specula-

---

* Plaintiff, who apparently went into convulsions after striking her head, has at least partial amnesia and testified that she does not remember anything after tripping on something and falling as she walked over the floor mat.

tive to argue that the floor mat she was walking on at the time she fell actually caused the accident. Defendant points out that the subject floor mat was cleaned and inspected on a regular basis and no employee noticed or reported an obvious defect. Nevertheless, although plaintiff's memory of the accident is limited, she testified that, as she walked over the mat, her foot "*caught* on something and [she] went down" (emphasis supplied). Significantly, Scrimale, who wrote in the accident report that plaintiff tripped on a wire protruding from the mat, testified that plaintiff was in the midst of returning his greeting when "she couldn't finish because that's when something obstructed her, *stopped her momentum*, and she fell over" (emphasis supplied). In light of, *inter alia*, this proof and our review of the photographs of the floor mat taken shortly after the accident, we find that questions of fact have been presented over the issues of causation and whether a reasonable inspection of the floor mat would have given defendant notice that the mat was coming apart and was not being maintained "in a reasonably safe condition" (*Steinmetz v Caldor, Inc.*, 170 AD2d 935).

Cardona, P. J., Mercure, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.