■ RODNEY ACKLEY et al., Appellants, v NEW YORK STATE ELECTRIC & GAS CORPORATION, Respondent. [779 NYS2d 279]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Mulvey, J.), entered March 26, 2003 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Rodney Ackley (hereinafter plaintiff), a field technician employed by Verizon Communications, injured himself in a fall from a ladder that had been secured against a utility pole jointly owned by Verizon and defendant. At the time of his injury, he was in the course of installing an additional service line for a Verizon customer. According to plaintiff, as he descended the ladder, his left arm slipped and he started to fall backwards. Unable to regain his grip on the ladder, plaintiff made a decision to jump to the ground. Upon doing so, he sustained various injuries. Based solely on defendant's status as joint owner of the pole, plaintiff and his wife, derivatively, thereafter commenced this action alleging common-law negligence

and Labor Law §§ 240 and 241 (6) violations. They now appeal from the order and judgment granting defendant's motion dismissing the complaint.

To be sure, the subject utility pole with its attached lines was a structure within the meaning of Labor Law § 240 (1) (*see Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]). Here, however, plaintiff's work in no way involved any equipment or fixture owned by defendant. Rather, plaintiff was working on Verizon equipment and fixtures. Moreover, defendant had no knowledge that plaintiff would be working on the pole that day and had no authority to control or direct his work. There is also no allegation that the structural integrity of the pole itself somehow contributed to plaintiff's accident (*compare Holohan v Niagara Mohawk Power Corp.*, 42 AD2d 363 [1973]; *Murphy v Rochester Tel. Co.*, 208 App Div 392 [1924], *affd* 240 NY 629 [1925]). Given these facts, we adopt the holdings of the other three Departments and find that the complaint was properly dismissed since defendant was not the owner of the telephone box being altered or the telephone line being added (*see Sarigul v New York Tel. Co.*, 4 AD3d 168 [2004]; *Scott v Crystal Constr.*, 1 AD3d 992, 993 [2003]; *Lacey v Long Is. Light. Co.*, 293 AD2d 718, 719 [2002]; *compare Widrig v Alltel N.Y.*, 281 AD2d 967, 968 [2001]; *Bonghi v New York Tel. Co.*, 277 AD2d 893 [2000], *lv dismissed* 96 NY2d 791 [2001]; *Girty v Niagara Mohawk Power Corp.*, 262 AD2d 1012, 1013 [1999]; *Gancarz v New York Tel. Co.*, 257 AD2d 645, 645-646 [1999]; *Ray v Niagara Mohawk Power Corp.*, 256 AD2d 1070, 1071 [1998]; *Fuller v Niagara Mohawk Power Corp.*, 213 AD2d 986, 986-987 [1995], *lv denied* 86 NY2d 708 [1995]; *see also Mangiameli v Galante*, 171 AD2d 162, 163-164 [1991]) and did not otherwise act in the capacity of an owner with respect to the equipment being utilized or the work being performed (*see Sarigul v New York Tel. Co., supra; Bonghi v New York Tel. Co., supra; Girty v Niagara Mohawk Power Corp., supra; Fuller v Niagara Mohawk Power Corp., supra; see also Mangiameli v Galante, supra*).

Cardona, P.J., Mercure and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.