HUGH PERSONIUS et al., Appellants, v JOHN G. MANN et al., Respondents. [798 NYS2d 195]—

Rose, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 13, 2004 in Chemung County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Hugh Personius (hereinafter plaintiff), an employee of an electric utility company, went onto defendants' farm for the purpose of cutting off electric power to a barn that was on fire. In order to do so, plaintiff placed a ladder against a utility pole that defendant John G. Mann (hereinafter defendant) had erected on the farm some 40 years earlier. Plaintiff climbed the

ladder and, as he was securing the top of the ladder to the pole, the pole broke at ground level, causing him to fall and sustain injuries. Plaintiff and his wife thereafter commenced this action based upon common-law negligence and Labor Law §§ 200, 240 and 241. Following disclosure, defendants moved for summary judgment dismissing the Labor Law causes of action and then amended its motion seeking dismissal of the entire complaint. Plaintiffs cross-moved for partial summary judgment on the alleged violations of Labor Law §§ 240 and 241. Supreme Court granted defendants' amended motion dismissing all causes of action. Plaintiffs appeal.

We consider first plaintiffs' Labor Law causes of action. Review of the record reveals no proof that defendants contracted for the work, called plaintiff to the scene or had any notice that he was on their property until after the accident. Under such circumstances, we are unpersuaded that Supreme Court erred in dismissing the causes of action premised upon the Labor Law (*see generally Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46 [2004]; *Ackley v New York State Elec. & Gas Corp.*, 8 AD3d 941, 941-942 [2004]; *Benamati v McSkimming*, 8 AD3d 815 [2004]).

Turning to plaintiffs' common-law negligence cause of action, it is well settled that landowners have a duty to keep their premises in a reasonably safe condition considering all the circumstances (*see Kush v City of Buffalo*, 59 NY2d 26, 29 [1983]; *Basso v Miller*, 40 NY2d 233, 241 [1976]; *Washington v Albany Hous. Auth.*, 297 AD2d 426, 426 [2002]). A landowner who erects a pole that later becomes dangerous will be held liable if it is shown that a reasonable inspection would have revealed the dangerous condition of the pole (*see e.g. Newman v City of Glens Falls*, 256 AD2d 1012, 1013 [1998]; *Van Nordstrand v Hills Dept. Store*, 231 AD2d 819, 820 [1996]; *Tuttle v Gold*, 3 AD2d 760, 760 [1957]).

Here, defendants carried their initial burden on their motion for summary judgment by offering proof that the deteriorated condition of the pole could not have been detected upon a visual inspection. The evidence in the record concerning such an inspection of the pole prior to the accident is the deposition testimony of plaintiff, an experienced line worker who knew this was an older pole and who had seen older poles that were rotted. Prior to climbing the ladder, plaintiff visually inspected the pole by looking it up and down, including its base, and he admittedly saw no sign of decay. While plaintiff's examination of the pole certainly did not relieve defendants of their obligation to inspect it (*see Murphy v Rochester Tel. Co.*, 208 App Div 392, 396 [1924], *affd* 240 NY 629 [1925]), his concession that the

pole looked good was sufficient to meet defendant's burden to show that a reasonable inspection of the pole would not have revealed the defect.

Moreover, defendant averred that no concerns about the condition or stability of this pressure treated, creosoted utility pole had ever been conveyed to him by anyone, including the utility company's meter readers who periodically read the farm's electric meter attached to it or a contractor he had hired one or two years prior to the accident to climb the pole and install new electrical equipment at the top of it. Although defendant acknowledged at his deposition that he never inspected the pole, the only evidence on the issue of whether a reasonable inspection would have revealed the defect indicates that a visual inspection would not have disclosed it and, thus, defendants' duty as landowners to discover and correct the dangerous condition was not triggered under the circumstances here (*see Ivancic v Olmstead*, 66 NY2d 349, 351-352 [1985], *cert denied* 476 US 1117 [1986]; *cf. McGuire v Bell Tel. Co.*, 167 NY 208, 210 [1901]).

In response to this prima facie showing, plaintiffs offer no evidence whatsoever that an inspection of any sort would have disclosed the pole's defect (*see Monroe v City of New York*, 67 AD2d 89, 96-97 [1979]; 85 NY Jur 2d, Premises Liability § 59). Plaintiff's deposition testimony does not address this point, and plaintiffs submitted no affidavit on defendants' motion. Other than a terse allegation in the bill of particulars that the pole "rotted" and "broke near the base," the record is devoid of any description of the nature of the defect or whether it was hidden or observable. Plaintiffs also offer no expert or lay opinion as to what would constitute a reasonable inspection of this pole in this farm setting.

Defendants were under a duty to make only a reasonable inspection, and there is no evidence in this record suggesting that anything more than a visual inspection would have been reasonable here. In the absence of any evidence of a warning of a hidden defect or that the pole's defect was observable, defendants were under no duty to use extraordinary measures—such as digging below ground level around the pole—to uncover it (*see. e.g. McKinnis v City of Schenectady*, 234 AD2d 760, 762 [1996]; *Monroe v City of New York, supra*, at 96-97). On this point, the cases cited by the dissent fail to set a higher standard. In those cases, unlike here, the poles were owned and maintained by utility companies, and there were recognized industry standards and methods for testing their soundness (*see Murphy v Rochester Tel. Co., supra* at 397; *Rowley v American Illuminating Co. of Hornellsville*, 83 App Div 609, 612-613

[1903]). Plaintiffs cited no such standard here. Accordingly, Supreme Court did not err in also dismissing the cause of action alleging common-law negligence.

Crew III, J.P. and Spain, J., concur.

Lahtinen, J. (concurring in part and dissenting in part). We respectfully dissent from that portion of the majority decision which concludes there are no triable issues regarding common-law negligence. Plaintiff Hugh Personius (hereinafter plaintiff), an employee of a utility company, was summoned from his home to respond to the emergency at defendants' premises where a building was on fire. Intent on cutting off electrical power to the burning building, plaintiff ascended a utility pole owned by defendants. The pole gave way at its base, causing plaintiff to fall and sustain severe fractures to both his wrists.

An owner of real property has a duty to keep that property in a reasonably safe condition (*see Kush v City of Buffalo*, 59 NY2d 26, 29 [1983]; *Basso v Miller*, 40 NY2d 233, 241 [1976]) and the fact that the owner did not invite the injured person onto the premises or was not aware of the entry onto the premises does not extinguish this duty (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]; *Basso v Miller, supra* at 239-241). With respect to a landowner who places a wooden pole in the ground creating a situation where, over time, decay and rotting is a known risk, it has long been the law that the landowner has a duty "to use reasonable care by way of inspection at appropriate intervals to determine whether the pole [is] reasonably safe" (*Tuttle v Gold*, 3 AD2d 760, 760 [1957]; *see generally McGuire v Bell Tel. Co.*, 167 NY 208 [1901]; *Vavallo v Consolidated Edison Co. of N.Y.*, 150 AD2d 556 [1989]; *Holohan v Niagara Mohawk Power Corp.*, 42 AD2d 363 [1973]; *Murphy v Rochester Tel. Co.*, 208 App Div 392 [1924], *affd* 240 NY 629 [1925]; *Sizse v Wegmann*, 169 App Div 112 [1915]). Where, as here, defendants have a duty to conduct reasonable inspections, the importance of actual or constructive notice diminishes (*see Weller v Colleges of Senecas*, 217 AD2d 280, 285 [1995] ["(I)f the defendant has a duty to conduct reasonable inspections, the issue of actual or constructive notice is irrelevant"]; *Lesser v Camp Wildwood*, 282 F Supp 2d 139, 149 [2003] [In a case involving a fallen tree, the court stated, in relevant part, that "(c)onstructive notice will be imputed . . . where the defendant has no program in place to inspect trees"]).

The subject utility pole was purchased and erected by defendant John G. Mann (hereinafter defendant) in the late 1950s or early 1960s. Defendants owned the pole and it was located on defendants' property. Defendant acknowledged at his deposition

that, after erecting the pole, he did not thereafter inspect the pole. When asked whether he mowed or kept debris away from the pole's base, defendant responded that he did not. Hence, the record reveals that, when the accident occurred, the pole had been in the ground for approximately 40 years with no inspection and with grass and debris permitted to obscure the area where the pole entered the ground. These facts are, in our opinion, sufficient under the teaching of the pertinent precedent to preclude summary dismissal of the common-law negligence cause of action.

We are not persuaded by the majority's determination that plaintiff's inspection of the pole prior to climbing it liberated defendants from any potential liability. In *Murphy v Rochester Tel. Co. (supra)*, the Court noted that "the duty to inspect is one that cannot be delegated," and it further held that, while "a lineman owes the duty to his own safety to make some inspection . . . [h]e cannot in the ordinary performance of his work make the thorough inspection which is the master's [or owner's] duty, nor is he required so to do" (*id.* at 396 [citation omitted]; *see Rowley v American Illuminating Co. of Hornellsville*, 83 App Div 609, 612-613 [1903]). Evidence in the record reflects that plaintiff was called at home to respond to an emergency. Upon arriving at defendants' premises, he encountered a pole ostensibly with unattended grass growing at the base and he conducted an inspection—while a fire was in progress—before proceeding up the pole. Plaintiff's cursory inspection conducted under exigent circumstances should not be construed to extinguish defendants' duty.

Nor are we persuaded that defendants' duty was fulfilled by the combination of the speculation that others occasionally on defendants' property (i.e., the utility company's meter readers and a contractor) might have conducted reasonable inspections of the pole (no proof was presented from such individuals) and the presumption that they would have then taken it upon themselves to contact defendants regarding any defects they observed. While we agree with the majority that defendants' duty was "to make only a reasonable inspection," the undisputed failure of defendants to conduct *any* inspection for nearly 40 years cannot be characterized as meeting that duty as a matter of law. We would therefore reverse so much of Supreme Court's order as dismissed the common-law negligence cause of action.

Peters, J., concurs. Ordered that the order is affirmed, with costs.