(September 14, 2006)

■ CLIFTON CAMPBELL, JR., Respondent, v CITY OF NEW YORK et al., Defendants, and CENTRAL HUDSON GAS & ELECTRIC CORPORATION et al., Appellants. [821 NYS2d 166]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered December 9, 2004, which, to the extent appealed from, denied the motion by defendant Central Hudson Gas & Electric Corporation (Central Hudson) insofar as it sought summary judgment dismissing plaintiff's common-law negligence cause of action as against it, denied the cross motion by defendant Media One Worldwide Communications, Inc. (Media One) for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action as against it, and granted plaintiff's cross motion for partial summary judgment as to liability on his Labor Law § 240 (1) cause of action as against Media One, unanimously modified, on the law, to deny plaintiff's cross motion for partial summary judgment as to liability on his Labor Law § 240 (1) cause of action as against Media One, and to grant Media One summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action as against it, and otherwise affirmed, without costs.

Plaintiff, a lineman, was injured while splicing an amplifier box into a cable television line owned by Media One; the cable line was supported by a wooden utility pole owned by Central Hudson. Plaintiff, having climbed to the top of the pole, asked a coworker to convey some equipment to him. It appears that as plaintiff's coworker was extending the boom of a bucket truck in an attempt to hand the equipment to plaintiff, the truck slid down a steep embankment, striking the guy wire that supported the pole and causing the pole to snap. Plaintiff, who was secured to the pole, fell with it. Plaintiff claims that the pole was in a decayed state, and would have withstood the contact with its guy wire had it been well maintained or supported by a truss.

With respect to plaintiff's common-law negligence claim against Central Hudson, the record shows that cable companies were using the pole for a number of years, raising issues of fact as to whether, inter alia, plaintiff's climbing of the pole was foreseeable, and whether Central Hudson fulfilled its duty to inspect and maintain the pole (see Personius v Mann, 5 NY3d 857 [2005], modfg 20 AD3d 616 [2005]; Tuttle v Gold, 3 AD2d 760 [1957]). That Central Hudson never authorized Media One's use of the pole, and was unaware of plaintiff's entry onto its property to service Media One's cables, did not, as a matter of law, extinguish Central Hudson's duty to maintain the pole for foreseeable users, authorized and unauthorized (see Basso v Miller, 40 NY2d 233, 241 [1976]; Personius, 20 AD3d at 617). Nor was the truck rolling down the hill and striking the pole's guy wire an unforeseeable superseding event, as a matter of law

(*see Girty v Niagara Mohawk Power Corp.*, 262 AD2d 1012, 1014 [1999]).

The motion court also properly denied Media One summary judgment dismissing plaintiff's cause of action under Labor Law § 240 (1). On appeal, Media One does not dispute that plaintiff, in working on the cable, was "altering" a "structure" within the meaning of section 240 (1) (*see Sarigul v New York Tel. Co.*, 4 AD3d 168, 169 [2004], *lv denied* 3 NY3d 606 [2004]). Neither does Media One dispute that it is subject to liability under the statute as the owner of the cable on which plaintiff was working, and as the entity that hired plaintiff's employer to perform the work. Given the undisputed applicability of section 240 (1), the utility pole was, in the context of plaintiff's work, an elevating device analogous to a scaffold, and therefore was required to be strong enough to withstand force of reasonably foreseeable magnitude. Contrary to Media One's arguments, the foreseeability of the particular chain of events that led to the impingement of the force against the pole on which plaintiff was working is not determinative. It is also unavailing to Media One that plaintiff apparently was properly secured to the pole, since the statute also required the pole to have sufficient strength and support to survive a reasonably foreseeable degree of external force.

We modify, however, to deny plaintiff's cross motion for partial summary judgment as to liability on the section 240 (1) claim. While plaintiff's expert opined, based on postaccident photographs of the broken wooden pole, that it failed to comply with industry standards for pole strength because it was internally rotten, and because it was not equipped with "C-truss reinforcers," the expert did not provide an estimate of the amount of force that was generated in this incident. In the absence of such an estimate, it cannot be determined whether the violation of section 240 (1) identified by plaintiff's expert proximately caused his injuries. If the force in this incident would have caused the collapse even of a nondefective and properly supported pole, it cannot be said that the statutory violation was the proximate cause of plaintiff's injuries. Accordingly, whether Media One is liable to plaintiff under section 240 (1) must be determined at trial.

We also modify to dismiss plaintiff's Labor Law § 241 (6) claim against Media One. At the time of the accident, plaintiff was installing an amplifier to a cable television line. This does not constitute "construction, excavation or demolition" within the meaning of the statute (*see Sarigul*, 4 AD3d at 170). Concur—Buckley, P.J., Friedman, Marlow, Sullivan and Malone, JJ.