(October 25, 2007)

■ MICHAEL COHEN et al., Appellants, v COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent. [844 NYS2d 31]—

Order, Supreme Court, New York County (Rolando T. Acosta, J.), entered June 5, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff elevator mechanic alleges that, as he descended a retractable ladder affixed to defendant's premises to afford access to and from its elevator machine room, the ladder shifted, causing him to fall and sustain injury. Plaintiff's Labor Law § 200 claim should not have been dismissed since defendant failed to show, prima facie, that it fulfilled its duty to inspect and maintain the allegedly defective ladder (*see Personius v Mann*, 5 NY3d 857 [2005]; *Campbell v City of New York*, 32 AD3d 703, 704 [2006]; *Debellis v NYU Hosps. Ctr.*, 12 AD3d 320, 321 [2004]). Also improperly dismissed were plaintiff's remaining claims, pursuant to Labor Law § 240 (1) and § 241 (6). Workers performing repairs may be covered under either statute (*see Joblon v Solow*, 91 NY2d 457, 466 [1998]), and the record before us does not permit the legal conclusion that the repairs in which plaintiff was engaged at the time of his injury, the need for which was precipitated by an elevator malfunction

trapping passengers between floors, involved, as defendant contends, no more than routine maintenance, and were thus not "repair[s]" within the statutes' contemplation. The record is silent as to what the remedy for the malfunction at issue would have been (*cf. Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]). Concur—Lippman, P.J., Tom, Nardelli, Gonzalez and Kavanagh, JJ.