■ Darryl Jeffries, Appellant, v State of New York, Respondent. [50 NYS3d 476]—

In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Lopez-Summa, J.), dated March 31, 2015, which, upon a decision of the same court dated February 13, 2015, made after a trial, is in favor of the defendant and against him dismissing the claim.

Ordered that the judgment is affirmed, with costs.

On December 3, 2009, at about 5:00 a.m., the claimant's vehicle collided with a downed light pole on Ocean Parkway in the Town of Babylon. Thereafter, the claimant commenced this claim against the State of New York to recover damages for personal injuries. After trial, the Court of Claims ruled in favor of the State and against the claimant, finding that the State had neither actual nor constructive notice of the defective light pole.

While the State has a nondelegable duty to maintain its roads in a reasonably safe condition (*see Friedman v State of New York*, 67 NY2d 271, 283 [1986]; *Weiss v Fote*, 7 NY2d 579, 584 [1960]), it is "not an insurer of the safety of its roads" (*Sinski v State of New York*, 2 AD3d 517, 517 [2003]; *see Chavez v State of New York*, 139 AD3d 994 [2016]; *Carlo v State of New York*, 51 AD3d 618 [2008]). A landowner who erects a pole that later becomes dangerous will be held liable if it is shown that a reasonable inspection would have revealed the dangerous condition of the pole (*see Personius v Mann*, 5 NY3d 857 [2005]; *Campbell v City of New York*, 32 AD3d 703 [2006]; *Tuttle v Gold*, 3 AD2d 760 [1957]).

Here, the Court of Claims correctly concluded that the claimant failed to establish that the State had either actual or constructive notice of any dangerous condition of the subject light pole. Rather, the evidence established that the rot on the pole was at the bottom of the pole, which was buried between six and seven feet below ground. Thus, a reasonable inspection would not have revealed the dangerous condition. The claimant's evidence that a witness noticed rot on some of the wooden poles along Ocean Parkway during the prior 15 years is insufficient to provide notice regarding the specific pole involved in the accident. "A general awareness of a recurring problem in insufficient, without more, to establish constructive notice of the particular condition that caused the accident" (*Gurley v Rochdale Vil., Inc.*, 137 AD3d 749, 750 [2016]). Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.