Facteau v Mediquest Corp. (2018 NY Slip Op 04631)





Facteau v Mediquest Corp.


2018 NY Slip Op 04631


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

526386

[*1]FERNA FACTEAU, Appellant,
v
MEDIQUEST CORP., Respondent.

Calendar Date: May 31, 2018

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Rumsey, JJ.


Schneider & Palcsik, Plattsburgh (Mark Schneider of counsel), for appellant.
O'Connor, O'Connor, Bresee & First, PC, Albany (Kathryn Conklin-Mabey of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Powers, J.), entered March 7, 2018 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint.
Plaintiff sustained injuries when she tripped and fell in the women's locker room of a wellness center operated by defendant. She claimed that she fell when the toe of her left sneaker caught the edge of a floor mat as she exited a shower stall after she had showered and dressed. She commenced this negligence action alleging that defendant created a dangerous condition by improperly installing the floor mats in a manner that allowed them to move and, further, that defendant had notice of the dangerous condition. Following discovery, defendant moved for summary judgment. Supreme Court granted defendant's motion and plaintiff appeals.
"To establish entitlement to summary judgment in a slip and fall case, a defendant bears the initial burden of demonstrating that it had maintained the property in a reasonably safe condition and that it did not create or have actual or constructive notice of the specific allegedly dangerous condition that resulted in the plaintiff's injury" (Torgersen v A & F Black Cr. Realty, LLC, 158 AD3d 1042, 1042 [2018] [internal quotation marks, brackets and citations omitted]). Defendant submitted deposition testimony from Christopher Booth, who was responsible for operation of the wellness center, who stated that defendant had received no prior complaints regarding placement of the mats or reports of customers having tripped on the mats. He further [*2]testified that the mats were inspected for any safety concerns on a daily basis. Booth participated in the process of selecting the mats, testified that their configuration had not been changed or modified since they had been installed in 2011 and concluded that the mats did not create an inherently dangerous condition. Nicole Williams, an employee of defendant, similarly testified that defendant had received no complaints that the mats were unsafe nor any prior reports that a customer had fallen on the mats. This proof was sufficient to establish defendant's burden of establishing prima facie entitlement to summary judgment, thereby shifting the burden to plaintiff to demonstrate the existence of a triable issue of fact (see id. at 1043).
In opposition, plaintiff submitted, among other things, her affidavit, photographs of the mats and the affidavit of Frederick Bremer, an architect who investigated the condition of the locker room. Plaintiff also relied on her own deposition testimony. Plaintiff testified that she was familiar with the locker room and showers because she had been utilizing them five days each week for 11 years and that the photographs accurately depict the condition of the mats. She noted that there were two large, square mats in the shower area that were each comprised of nine smaller interlocking squares. Plaintiff claimed that because the larger mats were never connected, they often moved in relation to each other so that they sometimes overlapped and at other times were located several inches apart — a condition that she claimed had existed continuously since the mats were installed. Plaintiff also stated that she had personally rearranged the mats on several occasions prior to her injury to eliminate the risk of her tripping on them. According to plaintiff, she fell when the toe of her sneaker caught the exposed edge of a mat near the exit to the shower in the location that she marked on one of the photographs that she had submitted.
Bremer concluded that the mats were not properly installed. Specifically, he opined that a gap was created between the mats because they were neither attached to each other nor otherwise properly secured. The resulting gap exposed the edges of the mats, and Bremer opined that the nine-sixteenth-inch height of the exposed mat edges constituted a tripping hazard that violated applicable design standards. He also noted that the manufacturer of the mats recommended installation of a sloped transition piece to eliminate such exposed edges, and that transition pieces were not utilized in the location where plaintiff fell.
Considering the foregoing in the light most favorable to plaintiff, as the party opposing summary judgment (see id. at 1044), we conclude that a material issue of fact exists regarding whether defendant created a dangerous condition [FN1]. Accordingly, Supreme Court erred in granting defendant's motion.
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1:Defendant's argument that plaintiff failed to identify the condition that caused her fall lacks merit, in light of plaintiff's consistent testimony that she tripped when the toe of her sneaker caught on the mats (see Godfrey v Town of Hurley, 68 AD3d 1527, 1528 [2009]; Van Nordstrand v Hills Dept. Store, 231 AD2d 819, 820 [1996]).