RICHARD AMEDURE et al., Respondents, v STANDARD FURNI-
TURE COMPANY et al., Defendants and Third-Party Plain-
tiffs-Appellants. BUNKOFF CONSTRUCTION COMPANY, INC.,
Third-Party Defendant-Appellant.

Third Department, March 12, 1987

### APPEARANCES OF COUNSEL

*Noonan, Troue, Gutermuth & O'Connor (Leslie M. Prechtl* of counsel), for defendants and third-party plaintiffs-appellants.

*James L. Pemberton* for third-party defendant-appellant.

*Buckley & Mendleson, P. C. (John J. Criscione* of counsel), for respondents.

### OPINION OF THE COURT

HARVEY, J.

On July 20, 1981, plaintiff Richard Amedure* sustained an eye injury while working as a carpenter. At that time, plaintiff was employed by third-party defendant, Bunkoff Construction Company, Inc. (Bunkoff), which was renovating a building owned by defendant Stafco, Inc. in the City of Troy, Rensselaer County. The roof of the building had deteriorated to a point that a portion of the roof had collapsed leaving a large opening. The walls of the building were brick. The roof had been supported by wooden beams, the ends of which rested in pockets in the wall. The beams were not affixed to the walls except by gravity. To prevent movement, mortar had been applied to the pockets after placement of the beams. Renovation required the replacement of one beam.

Plaintiff was engaged in manufacturing this 20-foot beam when the accident happened. Boards taken from other buildings were used. No board was of sufficient size to support the load to be placed upon it. Consequently, a beam of adequate size was being made by nailing individual members together. Plaintiff had nearly completed the process when he struck a nail with his hammer and the nail ricocheted and struck him in the eye.

Plaintiff was on a scaffold when he was constructing the beam. When he arrived at the work site, the boards were resting on the floor and leaning against the scaffold. Plaintiff has never given any explanation as to the decision not to nail the boards together from a position on the floor. Nevertheless,

---

* Brenda Amedure is also a plaintiff in this action. She seeks damages for loss of consortium. However, all relevant issues relate to Richard Amedure and thus, "plaintiff" will refer to Richard Amedure.

he now contends that performing his task while on the scaffold exposed him to a hazardous and unsafe condition. He claims that the scaffold was so high that he was forced to do his nailing from a kneeling position, thereby compelling him to pound nails closer to his eyes than usual.

Plaintiffs brought this action against Stafco and defendant Standard Furniture Company (Standard) alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Defendants then commenced a third-party action against Bunkoff seeking contribution and indemnification. Following discovery, defendants moved for summary judgment dismissing the complaint. Special Term denied the motion and this appeal ensued.

On a motion for summary judgment, the initial burden is on the movant to make a prima facie showing, by submission of competent evidence, of entitlement to judgment as a matter of law *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851). To defeat the motion, the opponent must come forward with affirmative proof establishing that the matters alleged are real and capable of being proved at trial *(Hasbrouck v City of Gloversville,* 102 AD2d 905, *affd* 63 NY2d 916). The proof offered to raise a triable issue must generally be in admissible form *(Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717). This is particularly true where, as here, discovery has been completed and no excuse for failing to meet this requirement has been tendered *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The motion will be granted where the opponent's proof is comprised of "mere conclusions, expressions of hope or unsubstantiated allegations or assertions" *(supra,* p 562).

It has long been recognized that the relevant Labor Law sections are to be liberally construed so as to protect workers from injury and provide them with safe working conditions *(Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521; *Koenig v Patrick Contr. Co.,* 298 NY 313, 319; *Quigley v Thatcher,* 207 NY 66, 68). The Legislature, however, did not intend for the Labor Law to impose liability upon owners and contractors for every injury sustained by workers *(Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361 [Simons, J.], *appeal dismissed* 58 NY2d 824; *Zimmer v Chemung County Performing Arts, supra,* p 526 [Wachtler, Ch. J., dissenting]). A successful claim under Labor Law § 240 requires proof of both a violation of the statute and that the violation was a cause of the injury sustained *(Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Mack v Altmans Stage Light. Co.,* 98 AD2d 468

[Titone, J.]). Proof of causation is thus an indispensable element of a claim under Labor Law § 240 *(supra)*. Likewise, proximate cause must be shown when alleging common-law negligence as well as violations of Labor Law §§ 200 and 241.

A prima facie showing of the element of causation requires a plaintiff to show that a defendant's act "was a *substantial* cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; emphasis supplied; *accord, Mack v Altmans Stage Light. Co., supra)*. The importance of proximate cause cannot be lightly glossed over. When addressing the issue of causation in *Mack v Altmans Stage Light. Co. (supra,* p 470), Justice (now Judge) Titone stated: "The concept of probable cause operates as a matter of public policy to place reasonable limits on liability *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314; *Pagan v Goldberger,* 51 AD2d 508, 509). As * * * noted in *Pagan,* 'an intolerable burden would be cast on human activity if every voluntary act was committed at one's peril' (51 AD2d, at p 509, citing Holmes, The Common Law, pp 93-96)."

A close reading of the record does not reveal any factual evidence which could reasonably be construed to establish the existence of any unsafe or hazardous work condition which caused the accident. Plaintiff, a carpenter with 25 years of experience, testified that a ricocheting nail was not an uncommon occurrence. It is general knowledge that a carpenter must kneel most frequently when nailing. Consequently, the mere recital of the fact that a nail ricocheted while he was hammering it from a kneeling or sitting position does not suffice to establish liability.

In this instance, the scaffold played no part in the cause of the accident. The beam being constructed was not affixed to the building nor was it being affixed at the time of the accident. Plaintiff chose to fabricate the beam while he was on the platform of the scaffold. The evidence established that the beam was movable, there was space in which to move it and there was sufficient manpower to move it if its position on the scaffold presented any problem as to required work space. Plaintiff admits that he was not unsteady, thereby negating any contention that movement of the scaffold itself contributed to the happening of the accident.

Neither does plaintiff's testimony that his back came into contact with some object as he backed up while nailing constitute evidence of liability. That object was not identified.

There was no evidence that it was part of the scaffold. However, if such an object existed and if it did impede his access to his work, the situation could have been remedied either by moving the beam or changing his position so as to face the object so that he could maintain a kneeling position allowing a reasonably unrestricted access to his work.

In view of the fact that no factual evidence has been offered which could establish some breach of duty on the part of defendants which contributed to the happening of the accident, we must reverse and grant summary judgment to defendants. We conclude that the Legislature had no intent to protect the interests of workers to the point that a jury should be allowed to speculate as to the cause of an accident and to formulate, retroactively, some new safety standard. Although this was an unfortunate accident, we conclude that this type of happening was contemplated by the Legislature when it enacted the Workers' Compensation Law.

We further note that, even if we were to find a question of fact as to the liability of Stafco, we would dismiss the complaint as to Standard since it denied ownership and control of the premises and no proof to the contrary was offered.

MIKOLL, J. (dissenting). We respectfully dissent.

Special Term properly found that summary judgment is unwarranted in that issues of fact exist for resolution by the trier of facts. To survive defendants' motion for summary judgment, plaintiff needed to establish that questions of fact exist as to whether a violation of Labor Law § 240 was a substantial cause of the injury to him (*Duda v Rouse Constr. Corp.*, 32 NY2d 405), and that defendants were persons responsible for his safety pursuant to Labor Law §§ 200 and 241. Plaintiff sufficiently established both, thus warranting a trial of factual issues.

Labor Law § 240 imposes on owners and contractors a duty to provide reasonable and adequate protection and safety to persons employed on or lawfully frequenting areas on which construction, excavation or demolition work is being performed. The section is to be liberally construed to protect workers (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513; *Quigley v Thatcher*, 207 NY 66). The responsibility under the law also extends to agents of owners and general contractors due to their statutory inclusion in Labor Law §§ 240 and 241 (*Russin v Picciano & Son*, 54 NY2d 311).

Whether all these defendants are responsible for plaintiff's injuries is a factual issue requiring resolution by the trier of facts.

Plaintiff also raised a question of fact as to defendants' responsibility for his injuries through his sworn testimony that defendants allowed the placement of construction scaffolding which did not afford him enough working space and placed him in an unsafe position while pounding in nails. Plaintiff has sufficiently raised the issue of whether defendants' violation of Labor Law § 240 was a proximate cause of his injury. A jury could conclude that, but for the defendants' violation of section 240 in not according plaintiff an adequate work area, the accident would not have occurred. Plaintiff was assigned to construct a beam. He did it while on the scaffolding. The scaffold was already constructed when he arrived and was assigned his work. We ascribe no significance to the fact that plaintiff assembled the beam on the scaffolding. Plaintiff and another employee who was his foreman placed the lumber on the scaffold for plaintiff to fabricate. Due to dissimilar end members, plaintiff found himself at a height vis-à-vis the nailing surface which was not safe. The foreseeability of flying nails in construction is self-evident. An inappropriate scaffolding height could be found to have imperilled plaintiff by exposing his face surface more closely to the area where he was pounding in nails.

Further, plaintiff's actions, even though they might have been negligent and a contributing cause of the accident, will not be an intervening cause of an accident unless plaintiff's culpability supersedes defendants' negligence as the cause of the accident (see, Mesick v State of New York, 118 AD2d 214, lv denied 68 NY2d 611). On the moving papers before us, it cannot be said as a matter of law that plaintiff's action rose to the level of a superseding force absolving these defendants (cf. Boltax v Joy Day Camp, 67 NY2d 617).

Accordingly, we would affirm Special Term's order.

CASEY, J. P., and WEISS, J., concur with HARVEY, J; MIKOLL and YESAWICH, JR., JJ., dissent and vote to affirm in an opinion by MIKOLL, J.

Order reversed, on the law, without costs, motion granted and complaint dismissed.

[The following page is 177.]