■ LAUREEN AVERSA, Appellant, v GARLAIN REALTY et al., Defendants and Third-Party Plaintiffs-Respondents. AUSTIN DRUG STORES, INC.,Third-Party Defendant-Respondent. [667 NYS2d 957] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Goldstein, J.), dated November 29, 1996, as granted those branches of the respective motions of the defendants third-party plaintiffs and the third-party defendant which were for summary judgment dismissing the Labor Law § 200, common-law negligence, and nuisance causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Labor Law § 200 and common-law negligence causes of action were properly dismissed, because the record establishes that no actions on the part of the respondents were a proximate cause of the plaintiff's accident (*see, Sheehan v City of New York*, 40 NY2d 496; *Rivera v City of New York*, 11 NY2d 856). As the nuisance cause of action was premised upon the same theory as the Labor Law § 200/common-law negligence causes of action, this cause of action was also properly dismissed (*see, Copart Indus. v Consolidated Edison Co.*, 41 NY2d 564). Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.