■ RAFAEL MARTE et al., Respondents, v ST. JOHN's UNIVERSITY, Defendant and Third-Party Plaintiff-Appellant. BARBARO ELECTRIC COMPANY, Third-Party Defendant-Respondent. [671 NYS2d 495] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an interlocutory judgment of the Supreme Court, Kings County (Hutcherson, J.), entered January 3, 1997, as, upon a jury verdict, is in favor of the third-party defendant and against it on the issue of liability.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, with costs, and a new trial is granted on the issue of the proper apportionment of fault between the third-party plaintiff and the third-party defendant.

An owner who is found liable for a worker's damages under Labor Law § 240 (1) may, under certain circumstances, seek indemnification and/or contribution from the worker's employer (*see, Chapel v Mitchell*, 84 NY2d 345; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559; *Freeman v National Audubon Socy.*, 243 AD2d 608; *McNair v Morris Ave. Assocs.*, 203 AD2d 433; *Young v Casabonne Bros.*, 145 AD2d 244; *cf.*, Workers' Compensation Law § 11). Where the owner bears some percentage of fault for the happening of the accident, indemnification is not available (*see, Winiavski v Martin Paint Stores*, 240 AD2d 565; *Pazmino v Woodside Dev. Co.*, 212 AD2d 520). However, the owner can still seek contribution from the worker's employer based on their comparative degrees of fault (*see, Guzman v Haven Plaza Hous. Dev. Fund, supra*, at 567-568; *Young v Casabonne Bros., supra*). The fact that the worker may not sue the employer directly because of Workers' Compensation Law § 11 is not a bar to the action (*see, Russo v Hilman*, 146 AD2d 690).

Here, evidence was presented from which the jury could have determined that both the third-party plaintiff and the third-party defendant bore some responsibility for the happening of the accident. The trial court therefore erred when it refused to allow the apportionment of fault between them.

The appellant's remaining claims are unpreserved for appellate review. Ritter, J. P., Thompson, Goldstein and McGinity, JJ., concur.