■ GILLES BOUCHARD, Respondent, v CHAMPLAIN ENTERPRISES, INC., et al., Appellants. [719 NYS2d 741] —Mugglin, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 15, 2000 in Clinton County, which, upon renewal, partially denied defendants' motion for summary judgment dismissing the complaint.

On October 2, 1990, plaintiff and defendant Champlain

Enterprises, Inc., whose stockholders were defendants Anthony Von Elbe, John Sullivan and Ernest Drollette, entered into a general partnership agreement for the purposes of completing and operating a marina and boat storage facility on the shores of Lake Champlain in Clinton County to be known as Bouchard Marina. Plaintiff originally began the project in 1984, receiving from the Department of Environmental Conservation (hereinafter DEC) in 1985 the necessary permits to begin construction. Coincidental with the execution of the partnership agreement, the parties entered into a side letter agreement which entitled plaintiff to a lakefront parcel of land (200 feet by 200 feet) and required Champlain Enterprises to contribute $750,000 in cash to the partnership, with $250,000 to be distributed to plaintiff and $500,000 to be used to pay costs associated with the completion of the marina project. To the extent that there were funds remaining, those funds would be distributed to plaintiff.

Plaintiff acted as the general manager of the marina from the formation of the partnership until the spring of 1994, when he was effectively excluded from the operation of the marina. In 1994, the first mortgagee foreclosed its mortgage and defendant Champlain Air, Inc., which had obtained the partnership interest of Champlain Enterprises in December 1993, purchased the marina property at the foreclosure sale. Notably, the shareholders of both corporations are the three individual defendants.

In this action plaintiff alleges five causes of action, namely, various breaches of the partnership agreement, failure to convey the parcel of land or pay the $500,000 pursuant to the side letter agreement, failure to produce an accounting following demand, civil conspiracy and fraud. Following joinder of issue and discovery, defendants' summary judgment motion was denied for failure to attach the pleadings. Defendants moved for reargument and plaintiff cross-moved seeking examinations before trial of various defendants. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Following the completion of the court-Ordered depositions, defendants obtained the documents submitted by plaintiff to DEC associated with the permit process and the checking account records of the marina, and sought renewal of the motion for summary judgment. Supreme Court granted defendants' motion for renewal and, upon renewal, partially granted defendants' motion by dismissing the fourth and fifth causes of action for civil conspiracy and fraud. Defendants appeal, contending that Supreme Court erred by not dismissing the first three causes of action asserted in the complaint.

We affirm. When making a motion for summary judgment, the initial burden is on the movant to establish a prima facie entitlement to judgment as a matter of law by the submission of competent evidence (*see, Amedure v Standard Furniture Co.*, 125 AD2d 170). Once the movant has met this initial burden, it becomes the obligation of the opponent to lay bare his or her evidence establishing the existence of a genuine triable issue of fact (*see, Vermette v Kenworth Truck Co.*, 68 NY2d 714).

Although Supreme Court did not separately discuss the three remaining causes of action asserted in plaintiff's complaint, it is clear, contrary to defendants' contentions, that Supreme Court considered all of the evidence submitted and concluded that this evidence did not establish defendants' prima facie entitlement to judgment. The submission of the banking records, and in particular the checking account records of Bouchard Marina, do not, in and of themselves, establish as a matter of law that plaintiff's assertions concerning various breaches of the partnership agreement are without merit. It is undisputed that although plaintiff managed the checking account in 1991, he was relieved of that duty in 1992 and apparently had no further access to it. The production of the banking records neither unequivocally establishes the absence of the right to an accounting as allegedly demanded by plaintiff nor relieves defendants' obligation to comply with the partnership agreement provisions in this regard. Likewise, these banking records do not establish the absence of any breach of the partnership agreement as alleged by plaintiff in the first cause of action. Under these circumstances, the burden does not shift to plaintiff to lay bare his proof and we conclude that Supreme Court appropriately determined that the banking records do not eliminate any question of fact with respect to the allegations of plaintiff's first cause of action.

With respect to the second cause of action, we believe that Supreme Court correctly concluded that issues of fact exist. Initially, we observe that defendants made no reference in their moving papers to that portion of the second cause of action which alleges that defendants failed to convey the parcel of land. Instead, defendants' motion papers focus upon plaintiff's claim that he is entitled to all or some part of the $500,000 as set forth in the side letter agreement. The extent to which plaintiff is entitled to the $500,000 is dependent upon the parties' understanding—at the time they formed the partnership—of the scope and size of the marina to be completed. Plaintiff asserts that the marina, as intended by the parties at the time of the partnership agreement, was

completed in early 1991 but that defendants, without his knowledge and consent, expanded the scope and extent of the marina, thereby increasing the construction costs by at least a factor of three. Defendants are not aided in this respect by plaintiff's original plans submitted to DEC in 1984, as they do not establish the intent of the parties when the general partnership agreement was signed. Further, defendants' contention that plaintiff is not entitled to $500,000 because plaintiff wrote checks in the first six months of 1991 totaling $1,154,346.10 is unpersuasive. During the same period of time, there were deposits to the Bouchard Marina checking account of $1,176,094.40. Thus, it is equally perceivable that the $500,000 deposited by defendants to the checking account pursuant to the side letter agreement had not been expended. More importantly, however, these banking records point to the necessity for the formal accounting as demanded by plaintiff.

With respect to the lot, defendants now contend that they were unable to convey title to plaintiff as a result of the mortgages and, since the partnership was dissolved by virtue of the foreclosure, plaintiff no longer has any claim with respect to the land. These arguments were not made before Supreme Court and are therefore unpreserved for appeal. Nevertheless, were we to consider defendants' present argument, summary judgment would be unavailable. Questions of fact exist regarding the default of Champlain Air with respect to the first mortgage, on which only plaintiff was personally liable, after it paid the second and third mortgage and then purchased the property at the foreclosure sale, thereby acquiring title for what plaintiff alleges was a fraction of his equity.

Finally, with respect to the third cause of action, the issue is whether plaintiff demanded a formal accounting as prescribed by the partnership agreement. The fact that plaintiff made no written request for the formal accounting does not relieve the obligation of defendants to provide such, since the partnership agreement does not require that the demand be in writing. Although defendants deny that plaintiff in any way demanded a formal accounting, this is a genuine triable issue of fact which precludes summary judgment on this cause of action.

Peters, J. P., Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.