■ DANIEL BUSH et al., Respondents, v THOMAS WILLIAMS, Appellant. [718 NYS2d 496] —Cardona, P. J. Appeal from an order of the Supreme Court (Castellino, J.), entered April 14, 2000 in Chemung County, which denied defendant's motion for summary judgment dismissing the complaint.

On October 8, 1994, while employed as a garage door installer, plaintiff Daniel Bush (hereinafter plaintiff) went to defendant's residence to replace two garage doors. Defendant's garage contained various items, including lawn equipment and lumber which was stacked in the middle of one of the bays. Plaintiff was in the process of removing one of the garage doors by unscrewing the lags attached to the wooden frame when the remaining lags pulled away from a portion of the frame that

had rotted causing the door to fall on him. He was pushed to the ground and sustained injuries to his back.

Thereafter, plaintiff and his wife, derivatively, commenced this action against defendant asserting a claim sounding in common-law negligence as well as causes of action under Labor Law §§ 200, 240 and 241. The claims were premised upon allegations, *inter alia*, that defendant negligently placed lumber in the garage which prevented plaintiff from moving out of the way of the falling door. Following joinder of issue and plaintiffs' voluntary withdrawal of their causes of action under Labor Law §§ 240 and 241, defendant moved for summary judgment dismissing the remaining claims. Supreme Court denied the motion resulting in this appeal.

In order to impose liability under Labor Law § 200 as well as common-law negligence, it must be shown that "the owner exercised some supervisory control over the operation and had actual or constructive notice of the alleged unsafe condition that caused the accident" (*Hutchins v Finch, Pruyn & Co.*, 267 AD2d 809, 810, *lv denied* 94 NY2d 762; *see, Kammerer v Baskewicz*, 257 AD2d 811, 812; *Uecker v Willis*, 206 AD2d 736). Plaintiff gave undisputed testimony at his examination before trial that defendant did not direct the manner in which he performed his work or supervise its progress. Moreover, defendant averred that, on the date of the accident, he was unaware of any dangerous condition that existed concerning the garage doors, including the presence of any rotted wood or defects in the tracking. Since no evidence was presented to the contrary, we are of the view that plaintiffs' common-law negligence and Labor Law § 200 causes of action should have been dismissed (*see, Nevins v Essex Owners Corp.*, 276 AD2d 315; *Jenkins v Jones*, 255 AD2d 805).

We note that although Supreme Court denied defendant's motion based upon conflicts in the parties' testimony concerning the alleged obstruction created by the placement of the lumber in the garage, the record indicates that the door gave way due to the rotted wood around the frame and does not establish that defendant's actions were a proximate cause of the accident (*see, Aversa v Garlain Realty*, 247 AD2d 420; *Amedure v Standard Furniture Co.*, 125 AD2d 170, 173).

Peters, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.