■ MICHAEL MORROW et al., Appellants, v GARY ASHLEY et al., Respondents. [770 NYS2d 760]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered November 6, 2002 in St. Lawrence County, which, upon renewal, granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff Michael Morrow (hereinafter plaintiff) sustained injuries in September 2000 when he fell while painting the exterior of defendants' home in the City of Ogdensburg, St. Lawrence County. At the time of the accident, plaintiff was attempting to paint the front peak of the 2½-story house. Plaintiff had nailed a two-by-four board into the roof of the front porch, braced a ladder against it and extended the ladder to reach the peak. As he was painting the peak, the two-by-four board allegedly detached from the porch roof, the ladder slid and plaintiff fell.

Plaintiff and his wife, derivatively, commenced this action asserting common-law negligence and a violation of Labor Law § 240 (1). Supreme Court granted defendants' motion for summary judgment dismissing the Labor Law § 240 (1) cause of action, and denied summary judgment on the negligence cause of action, without prejudice, affording plaintiffs an opportunity to have an expert inspect the porch roof. After such an inspection occurred, defendants renewed their motion for summary judgment with respect to the remaining cause of action and Supreme Court granted the motion, dismissing the complaint in its entirety. Plaintiffs appeal.

The only argument advanced by plaintiffs on appeal is that they raised sufficient factual issues regarding defendants' alleged knowledge of the condition of the porch roof to preclude summary judgment on the negligence cause of action. A landowner who has actual or constructive knowledge of an unsafe condition that causes an accident may be liable under common-law negligence (*see Sajta v Latham Four Partnership*, 282 AD2d 969, 970 [2001]; *Bush v Williams*, 279 AD2d 772, 773 [2001]). There is no evidence that defendants had actual knowledge of a defective condition and, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [defendants] to discover and remedy it" (*Gordon v American Museum of Nat-*

*ural History*, 67 NY2d 836, 837 [1986]; *see La Duke v Albany Motel Enters.*, 282 AD2d 974, 975 [2001]). While there was evidence that the metal covering on the porch roof had patches of rust, there was no proof of any discernible defect in the integrity of the underlying structure of the roof prior to plaintiff's accident. Indeed, the month before the accident, defendants contacted a contractor, Bernard Bertrand, to look at another section of their house where there was some leaking. Bertrand submitted an affidavit stating that, during the time he was at the premises in August 2000, he conducted a visual inspection of all the roofs and he concluded that the porch roof was "structurally intact." He stated that he did not observe any weakened areas and noted that the only work needed on the porch roof was painting. Following the accident, Bertrand returned to paint the metal porch roof and he again inspected it. He reiterated that it was structurally sound and showed no signs of having been altered since his first inspection. Neither the affidavit from plaintiffs' expert nor the other proof that plaintiffs produced indicated that the roof had any structural defect that was apparent prior to the accident. Since defendants satisfied their initial burden and plaintiffs failed to come forward with evidentiary proof sufficient to raise a factual issue, we conclude that Supreme Court properly granted defendants' motion.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order and judgment are affirmed, with costs.