KEVIN GREENOUGH, Appellant, v NIAGARA MOHAWK POWER CORPORATION et al., Respondents. [787 NYS2d 762]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered October 24, 2003. The order granted the cross motions of defendants for summary judgment dismissing the complaint and denied the motion of plaintiff for partial summary judgment on the issue of liability under Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion of defendant Cassadaga Telephone Corporation in part and reinstating the Labor Law § 240 (1) cause of action and the Labor Law § 241 (6) cause of action insofar as that cause of action is based upon the alleged violation of 12 NYCRR 23-9.6 (e) against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when a telephone messenger cable that he was attaching to utility poles struck him in the chest. Plaintiff was working as a lineman for Dunkirk and Fredonia Telephone Company (D&F) and was standing in an aerial bucket stringing the cable onto utility poles. The cable came from a spool that was on a trailer hitched to a truck driven by plaintiff's foreman. Plaintiff temporarily attached the cable to a pole using a "J hook," and, just prior to the accident, plaintiff lowered the aerial bucket about five feet below and to the side of the cable. The accident occurred when plaintiff's foreman moved the truck containing the spool of cable in order to raise the cable off the roadway; the cable rose up rapidly, snapped off the pole and struck plaintiff across the chest. Plaintiff commenced this action against defendants Cassadaga Telephone Corporation (Cassadaga) and Niagara Mohawk Power Corporation (Niagara Mohawk), the joint owners of the utility pole, and defendant Dean L. Peck, the owner of the land on which the pole was situated.

Supreme Court properly denied plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action against Niagara Mohawk and Peck and granted their cross motions for summary judgment dismissing the complaint against them. Those defendants were not owners of the cable being repaired or altered by plaintiff and did not otherwise act in the capacity of owners (see Scott v Crystal Constr. Corp., 1 AD3d 992, 993 [2003]; Bonghi v New York Tel. Co. [appeal No. 2], 277 AD2d 893 [2000], lv dismissed 96 NY2d 791 [2001]; Girty v Niagara Mohawk Power Corp., 262 AD2d 1012, 1013 [1999]; see also Ackley v New York State Elec. & Gas Co., 8 AD3d 941, 942 [2004]).

The court also properly denied that part of plaintiff's motion seeking partial summary judgment on the Labor Law § 240 (1) cause of action against Cassadaga because plaintiff failed to establish that Cassadaga was the owner of the cable. The court erred, however, in granting that part of the cross motion of Cassadaga for summary judgment dismissing that cause of action against it. In support of its cross motion, Cassadaga failed to establish that it was not the owner of the cable. Cassadaga is a wholly owned subsidiary of D&F, and Cassadaga submitted evidence establishing that, once D&F completed the installation of the cable and billed Cassadaga for the materials and labor, Cassadaga would then own the cable upon payment. A contract vendee may be held liable under sections 240 (1) and 241 (6) as

an "owner" (*see e.g. DeFreece v Penny Bag*, 137 AD2d 744, 745 [1988]). On this record, there is a triable issue whether Cassadaga is an owner pursuant to sections 240 (1) or 241 (6) (*see Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 926 [2002]). In support of its cross motion, Cassadaga also failed to establish that plaintiff was not struck by a falling object within the meaning of section 240 (1).

Finally, the court erred in granting that part of the cross motion of Cassadaga seeking dismissal of the section 241 (6) cause of action to the extent that it is premised upon the alleged violation of 12 NYCRR 23-9.6 (e) against it. Cassadaga sought dismissal of that cause of action solely on the basis that the facts did not establish a violation of any of the regulations relied upon by plaintiff. On appeal from the dismissal of that cause of action against Cassadaga, plaintiff contends that 12 NYCRR 23-1.7 (a) (1), 23-1.13, and 23-9.6 (e) are sufficiently specific and applicable to the facts of this case. We agree with Cassadaga that 12 NYCRR 23-1.7 (a) (1) is not applicable to the facts of this case (*see Gampietro v Lehrer McGovern Bovis*, 303 AD2d 996, 997-998 [2003]; *Sears v Niagara County Indus. Dev. Agency*, 258 AD2d 918, 918-919 [1999]). We further agree with Cassadaga that 12 NYCRR 23-1.13 does not apply to it because it is subject to the jurisdiction of the Public Service Commission (*see* Public Service Law § 5 [1] [d]; 12 NYCRR 23-1.13 [a]). We disagree with Cassadaga, however, that 12 NYCRR 23-9.6 (e) is not applicable to the facts of this case. In support of its cross motion, Cassadaga failed to establish that it did not violate that regulation, that the regulation is not applicable to the facts of this case, or that any violation was not a proximate cause of the accident (*see Piazza v Frank L. Ciminelli Constr. Co.*, 2 AD3d 1345, 1349 [2003]).

We therefore modify the order by denying the cross motion of Cassadaga in part and reinstating the Labor Law § 240 (1) cause of action and the section 241 (6) cause of action to the extent it is premised upon the alleged violation of 12 NYCRR 23-9.6 (e) against it, and as modified, we affirm. Present—Pigott, Jr., P.J., Green, Kehoe, Smith and Hayes, JJ.