■ MIGUEL ANGEL BURGOS, Respondent, v 213 WEST 23RD STREET GROUP LLC et al., Appellants, et al., Defendant. [851 NYS2d 185]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered March 15, 2007, which, to the extent appealed from, failed to apportion damages against defendants 213 West 23rd Street Group and Belen Masonry, unanimously reversed, on the law, without costs, and the matter remanded for new trial only on the issue of apportionment of damages between these two defendants. Appeal from order, same court and Justice, entered September 13, 2006, which denied the motion and cross motion of these defendants for post-verdict apportionment or a new trial on that issue, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Defendant Belen was hired to perform exterior waterproofing and point work at premises owned by defendant 213 West 23rd. Plaintiff, an employee of the waterproofing company retained by Belen, fell from a scaffold during the course of that work. The jury found that both these defendants violated Labor Law § 240, substantially contributing to plaintiff's injuries.

A building owner may seek common-law indemnification from a contractor who is actually at fault, if the owner was merely vicariously liable under Labor Law § 240. However, where the owner bears some percentage of fault for the accident, indemnification is not available (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]). Although the owner contends the evidence was insufficient to show it was more than just vicariously liable, there was ample evidence to support the jury's determination. Accordingly, the building owner is not entitled to common-law indemnification.

The court erred, however, in not charging the jury on the issue of apportionment of liability. Generally, when two or more tortfeasors share in responsibility for an injury, the proper rule is to apportion liability among them based on their respective duties to the injured person, rather than shifting the entire loss through indemnification (*see id.*). A negligent party who is subject to liability under Labor Law § 240 may seek contribution from another party whose culpable fault was also a cause of the injury (*Ciancio v Woodlawn Cemetery Assn.*, 249 AD2d 86, 88 [1998]). Therefore, although the owner was not entitled to common-law indemnification, both the owner and the masonry contractor had viable cross claims for contribution and fault that needed to be apportioned (*see Marte v St. John's Univ.*, 249 AD2d 373 [1998]).

We have considered appellants' remaining contentions and find them without merit. Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.