■ PAUL WHEELER et al., Plaintiffs, v CITIZENS TELECOMMUNICATIONS COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. NEW YORK STATE ELECTRIC & GAS, Third-Party Defendant-Respondent. [897 NYS2d 277]—

Malone Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered March 31, 2009 in Chenango County, which,

among other things, granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff Paul Wheeler (hereinafter plaintiff) sustained injuries when the utility pole he had climbed and was working on toppled. Defendants—Citizens Telecommunications Company of New York, Inc. and Time Warner NY Cable, Inc.—both leased space on the pole for their respective wires from third-party defendant, New York State Electric & Gas (hereinafter NYSEG).[1] NYSEG had identified the pole in question as "defective" and Citizens had accepted NYSEG's proposal for joint ownership of a new pole to replace the defective pole. NYSEG installed the new pole and transferred its electric wires, which were located highest on the defective pole, and then cut off the topmost section of the defective pole. NYSEG had no further involvement with the defective pole. Thereafter, NYSEG notified Citizens that NYSEG's work was complete and it was then Citizens' turn to transfer its own wires to the new pole. Citizens contracted with plaintiff's employer, Henkels & McCoy, to transfer Citizens' wires, and plaintiff was injured when he climbed the defective pole to complete the task.

Thereafter, plaintiff and his wife, derivatively, commenced this action against Citizens and Time Warner, alleging, among other things, common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Citizens then commenced a third-party action against NYSEG seeking indemnification or contribution, incorporating the allegations of plaintiffs' complaint and alleging that NYSEG was liable on the negligence and Labor Law claims. After joinder of issue and discovery, NYSEG moved for summary judgment dismissing the third-party complaint on the basis that there was no evidence of active negligence on the part of NYSEG. Supreme Court granted the motion, prompting this appeal by Citizens in which it seeks only reinstatement of its contribution claims with respect to Labor Law § 240 (1) and § 241 (6).[2]

With exceptions not relevant here, "two or more persons who are subject to liability for damages for the same personal injury . . . may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought" (CPLR 1401). At oral argument, NYSEG acknowledged that the sole distinction

---

**1.** For purposes of this appeal only, NYSEG admitted ownership of the pole.

**2.** On appeal, Citizens has abandoned its indemnification claims entirely, as well as its claims for contribution with respect to any award based on common-law negligence or violation of Labor Law § 200.

between it and Citizens with respect to their potential liability to plaintiffs under Labor Law § 240 (1) and § 241 (6) was that Citizens had been sued directly by plaintiffs and NYSEG had not. In addition, as owner of the defective pole, NYSEG had a duty to use reasonable care to warn linemen who might work on the pole of its defective condition (*see Storm v New York Tel. Co.*, 270 NY 103, 108 [1936]; *Holohan v Niagara Mohawk Power Corp.*, 42 AD2d 363, 364 [1973]). It was NYSEG's determination that the pole was defective and needed to be replaced that set into motion the events that resulted in plaintiff's injuries. NYSEG presented no evidence as to what safety equipment its employees used, or whether they employed a bucket truck or other device instead of climbing the pole. Plaintiff examined the pole but did not detect any defect rendering it unsafe to climb. Although NYSEG had indicated that the pole was defective, it never specified the nature of the defect identified by its inspection.

It may be reasonably inferred from the evidence submitted on NYSEG's motion that it had specific information regarding the structural integrity of the pole that it should have communicated, but failed to do so. NYSEG has not, therefore, established as a matter of law that its conduct was not a proximate cause of plaintiff's injury (*see generally Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 287-289 [2003]; *Amedure v Standard Furniture Co.*, 125 AD2d 170, 173 [1987]), nor has it eliminated all of the factual bases upon which the finder of fact might rationally apportion fault (*see D'Ambrosio v City of New York*, 55 NY2d 454, 464 [1982]). As Citizens was entitled to seek contribution from a party whose culpable conduct potentially caused plaintiff's injury—namely, NYSEG—Supreme Court improperly dismissed its third-party complaint insofar as it sought that relief (*see Burgos v 213 W. 23rd St. Group LLC*, 48 AD3d 283, 284 [2008]; *Ciancio v Woodlawn Cemetery Assn.*, 249 AD2d 86, 88 [1998]).

Mercure, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Citizens Telecommunications Company of New York, Inc., by reversing so much thereof as granted third-party defendant's motion for summary judgment dismissing the contribution claims with respect to Labor Law § 240 (1) and § 241 (6); motion denied to that extent; and, as so modified, affirmed.