■ Paul Wheeler et al., Appellants, v Citizens Telecommunications Company of New York, Inc., Defendant, and Time Warner NY Cable, Inc., Respondent. (And a Third-Party Action.) [905 NYS2d 293]—

Malone Jr., J. Appeal from an order of the Supreme Court (Dowd, J.), entered March 31, 2009 in Chenango County, which, among other things, granted a motion by defendant Time Warner NY Cable, Inc. for summary judgment dismissing the complaint against it.

Defendant Citizens Telecommunications Company of New York, Inc. contracted with the employer for plaintiff Paul Wheeler (hereinafter plaintiff) to transfer Citizens' telephone wires from a defective utility pole to a new pole and to remove the defective pole. Plaintiff climbed the defective pole and was in the process of transferring Citizens' wires when the defective pole fell over, injuring plaintiff. Also attached to the pole at the time of plaintiff's injury was a television cable owned by defendant Time Warner NY Cable, Inc. Plaintiff, and his wife, derivatively, commenced this action against Citizens and Time Warner, alleging common-law negligence and violations of Labor Law §§ 200, 240 and 241. Citizens, in turn, commenced a third-party action seeking indemnification or contribution against third-party defendant, New York State Electric & Gas (hereinafter NYSEG), the purported owner of the defective pole. Following joinder of issue, Supreme Court granted motions by Time Warner and NYSEG seeking summary judgment dismissing the complaint and third-party complaint against them, respectively. In a related but separate appeal, we partially reinstated Citizens' contribution claims against NYSEG (*Wheeler v Citizens Telecom. Co. of N.Y., Inc.*, 71 AD3d 1218 [2010]). We now consider plaintiffs' claims against Time Warner and affirm Supreme Court's dismissal thereof.

Time Warner's cable ended at the defective pole, requiring a down guy wire attached to a ground anchor. Although ownership of the anchor was disputed, pretrial testimony by plaintiff, a line construction supervisor with more than 30 years of experience with utility poles, eliminated the anchor as a possible proximate cause of the accident. According to plaintiff, the pole fell in the direction of the television cable, pulling the anchor out of the ground; however, plaintiff observed dry rot in the pole at the point of failure—which he had not discovered when he inspected the pole prior to climbing it—and he admitted that the pole would not have fallen had it been sound, even with the cable attached and no anchor in place. He also stated that the anchor was not defective, appeared fairly new and that the guy wire was of appropriate length. This evidence satisfied Time Warner's burden of establishing entitlement to judgment as a matter of law that the anchor was not a proximate cause of plaintiff's accident (*see generally Amedure v Standard Furniture Co.*, 125 AD2d 170, 173 [1987]), and conclusory statements in an affidavit from plaintiffs' counsel in opposition to the motion failed to raise a triable issue of fact. Nor was there evidence of a breach of any duty by Time Warner. Time Warner's evidence that it did not supervise plaintiff's work, or create or have actual or constructive notice of the pole's defective condition, is

unrefuted. Consequently, plaintiffs' negligence and Labor Law § 200 claims against Time Warner were properly dismissed (*see Demeza v American Tel. & Tel. Co.*, 255 AD2d 743, 744-745 [1998]; *see generally Weinberg v Alpine Improvements, LLC*, 48 AD3d 915, 918-919 [2008]; *Bush v Williams*, 279 AD2d 772, 773 [2001]).

Plaintiffs' contention that Time Warner is strictly liable on their Labor Law § 240 (1) and § 241 (6) claims as an owner of the defective pole is similarly unavailing. Although the term "owner" may encompass a nontitleholder " 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit' " (*Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009], quoting *Copertino v Ward*, 100 AD2d 565, 566 [1984]; *accord Larosae v American Pumping, Inc.*, 73 AD3d 1270, 1272 [2010]; *Alexander v Hart*, 64 AD3d 940, 942 [2009]), it is undisputed that Time Warner neither contracted for, nor was benefitted by, plaintiff's work. Time Warner submitted evidence that it leased space on the defective pole pursuant to a pole attachment agreement; however, plaintiff admitted that on the day of his accident, he was not working on, nor did he intend to work on, Time Warner's equipment. Absent some additional nexus with plaintiff or responsibility for the condition of the pole, Time Warner's leaseholder interest in the pole, alone, was insufficient to impose owner liability against it under Labor Law § 240 (1) and § 241 (6) (*see Personius v Mann*, 20 AD3d 616, 617 [2005], *mod* 5 NY3d 857 [2005]; *Greenough v Niagara Mohawk Power Corp.*, 13 AD3d 1160, 1161 [2004]; *Ackley v New York State Elec. & Gas Corp.*, 8 AD3d 941, 942 [2004]; *see also Fallon v Flach Dev. & Realty, Inc.*, 71 AD3d 1258, 1259-1260 [2010]).

We have considered plaintiffs' remaining arguments and conclude that they are either unpreserved for our review or lacking in merit.

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.