Rose, J.P.
Appeal from an order of the Supreme Court (O’Connor, J.), entered February 1, 2011 in Albany County, which granted defendant’s motion for summary judgment dismissing the complaint.
Plaintiff, an employee of an electrical contractor, was injured in December 2007 while using defendant’s forklift truck to work on a telephone wire at defendant’s warehouse. In order to reach the wire as it ran along a ceiling beam, plaintiff raised the platform on the forklift so that its overhead safety bars were within three to five inches of the beam and brought the platform to a complete stop. Approximately 30 seconds to a minute after he stopped the lift, he stood on the platform and reached his hands up over his head and through the safety bars to cut a zip tie that was holding the wire in place. He testified that the platform then spontaneously and unexpectedly rose up, crushing his hand between the safety bars and the ceiling beam. He jumped back, the platform stopped rising and he was able to extricate his hand and lower the platform to the floor. Plaintiff commenced this action to recover damages for his injuries, alleging claims for common-law negligence and Labor Law §§ 200 and 241 (6).* After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and this appeal ensued.
Plaintiff contends that he raised triable issues of fact as to whether defendant had notice that its forklift was not operating *1264 properly prior to the accident. We cannot agree. Defendant’s general manager testified that, prior to the accident, the forklift had been repaired so that it was operating properly and defendant’s expert opined that the forklift was safe and working properly. This evidence, combined with plaintiffs own testimony that he did not experience any problems raising or lowering the forklift four or five times in the half hour or so that he operated it prior to the accident, established that defendant did not have notice that the lift would spontaneously rise from a stationary position (see Harrington v Fernet, 92 AD3d 1070, 1072 [2012]; Desharnais v Jefferson Concrete Co., Inc., 35 AD3d 1059, 1061 [2006]; Morrow v Ashley, 3 AD3d 619, 621 [2004]; cf. Chowdhury v Rodriguez, 57 AD3d 121, 131-132 [2008]).
Plaintiff relies on repair records concerning service performed on the forklift twice in October 2007, the first time for leaking oil and the second, three weeks later, based on a complaint that the switch that controls the raising and lowering of the platform was sticking in the raised position. Neither service report provides notice of any problem of spontaneous raising from a stationary position, and each reflects that, after the necessary repairs had been performed, the forklift was functioning properly. Furthermore, the opinions of plaintiff’s expert that leaking oil could explain the jerky movement experienced by plaintiff as he raised the platform to the desired height on the date of the accident and that the sticking switch could allow the platform to continue to creep upward do not raise a triable issue of fact because plaintiff’s own description of the accident does not indicate that his injuries were caused by any jerky movement of the lift while he was raising it or a failure of the platform to come to a complete stop due to the switch sticking in the raised position. To the contrary, plaintiff testified that he brought the platform to a complete stop before extending his hands through the bars. His expert’s failure to adequately relate the problems reported in October 2007 to the alleged spontaneous lifting from a stationary position that occurred in December 2007 renders his opinion speculative and unfounded (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 533 [1991]; Desharnais v Jefferson Concrete Co., 35 AD3d at 1061). Accordingly, plaintiff failed to raise an issue of fact as to notice, and Supreme Court properly granted summary judgment dismissing the common-law negligence and Labor Law § 200 claims (see Wheeler v Citizens Telecom. Co. of N.Y., Inc., 74 AD3d 1622, 1623-1624 [2010]; Morrow v Ashley, 3 AD3d at 621; compare Bush v Mechanicville Warehouse Corp., 69 AD3d 1207, 1208-1209 [2010] [issue of fact whether the defendant owner had constructive notice of recurring dangerous condition that it failed to remedy]).
*1265 Turning to the Labor Law § 241 (6) claim, plaintiff, as limited by his brief, contends that there are issues of fact with respect to defendant’s alleged failure to comply with 12 NYCRR 23-9.2 (a) and 23-9.8 (c). The former provides, as relevant here, that “[u]pon discovery, any structural defect or unsafe condition in [power-operated] equipment shall be corrected by necessary repairs or replacement.” Based on the evidence that defendant twice called service technicians to address reported problems with the forklift and had no notice of any other defective condition, Supreme Court properly accepted defendant’s argument that the reported problems had been repaired and dismissed the cause of action predicated on 12 NYCRR 23-9.2 (a). With respect to 12 NYCRR 23-9.8 (c), that regulation requires that the load-elevating mechanism of lift trucks “shall be capable of being locked at any elevation.” Plaintiffs expert did not dispute that there were available methods for locking the lift, but he opined that they should have been more “user-friendly.” Regardless of the ease by which it could be accomplished, the fact that the lift could be locked at any elevation required dismissal of the claimed violation of 12 NYCRR 23-9.8 (c).
Malone Jr., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

 Plaintiff also raised a Labor Law § 240 claim which was withdrawn by stipulation prior to defendant’s motion.