# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1107

CA 13-00605

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

JESSE VANNAME AND DAWN VANNAME,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

                        V                              MEMORANDUM AND ORDER

ROCHESTER GAS & ELECTRIC, INC.,
DEFENDANT-RESPONDENT-APPELLANT,
ET AL., DEFENDANT.

---

MICHAEL STEINBERG, ROCHESTER, FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.

NIXON PEABODY LLP, ROCHESTER (KEVIN T. SAUNDERS OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court,
Monroe County (David Michael Barry, J.), entered April 26, 2011. The
order granted that part of the motion of defendant Rochester Gas &
Electric, Inc. for summary judgment dismissing the amended complaint
with respect to the Labor Law § 241 (6) cause of action, and otherwise
denied the motion.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this common-law negligence and
Labor Law action seeking damages for injuries sustained by Jesse
VanName (plaintiff) in a work-related accident. Plaintiff's employer
had been hired to install a water main and plaintiff, a pipe layer,
assisted his coworker, an excavator operator, in digging a trench.
Prior to the accident, an employee of Rochester Gas & Electric, Inc.
(defendant) had marked the location of the underground electric line
by placing flags directly above the line. On the morning of the
accident, plaintiff attempted unsuccessfully to locate the electric
line with the aid of that marker in the area where they were digging.
Plaintiff directed the excavator operator where to dig, and plaintiff
allegedly sustained an electric shock and resultant injuries when the
bucket of the excavator struck the electric line as he stood nearby.
Defendant moved for summary judgment dismissing the amended complaint
against it, and Supreme Court granted that part of the motion with
respect to the Labor Law § 241 (6) cause of action. We affirm.

Contrary to defendant's contention on its cross appeal, the court
properly denied that part of its motion with respect to the common-law
negligence and Labor Law § 200 causes of action. Even assuming,

arguendo, that defendant met its initial burden of establishing that it did not create the allegedly dangerous condition, we conclude that plaintiffs raised a triable issue of fact through plaintiff's deposition testimony that defendant did not accurately mark the location of the underground electric line (*see generally Babiack v Ontario Exteriors, Inc.*, 106 AD3d 1448, 1450). Given the conflicting testimony submitted by defendant concerning the circumstances of the accident, we further conclude that defendant did not meet its burden of establishing as a matter of law with respect to the common-law negligence and Labor Law § 200 causes of action that plaintiff's alleged negligence constituted an intervening, superseding cause of the accident (*see Bucklaew v Walters*, 75 AD3d 1140, 1142; *Meseck v General Elec. Co.*, 195 AD2d 798, 800-801; *cf. Misirlakis v East Coast Entertainment Props.*, 297 AD2d 312, 312-313, *lv denied* 100 NY2d 637). Also with respect to defendant's cross appeal, we note that defendant has informed this Court that the loss of consortium cause of action was dismissed subsequent to the filing of the cross appeal, and thus defendant is abandoning any contention with respect to that cause of action (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

With respect to plaintiffs' appeal, we conclude that the court properly granted that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is premised upon the alleged violation of 12 NYCRR 23-1.13 (b) and (d). Section 23-1.13 does not "apply to or in connection with operations conducted by" defendant, which is "subject to the jurisdiction of the Public Service Commission" (12 NYCRR 23-1.13 [a]; *see* Public Service Law § 5 [1] [b]; *Greenough v Niagara Mohawk Power Corp.*, 13 AD3d 1160, 1162). Plaintiffs have abandoned any contentions with respect to the remaining alleged violations of the Industrial Code by failing to address them in their brief (*see Ciesinski*, 202 AD2d at 984).

Entered:  November 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court