■ Stanley Moretta Diaz, Respondent, v 313-315 West 125th Street LLC et al., Appellants, and Katselnik & Katselnik Group, Inc., Respondent, et al., Defendants. [31 NYS3d 463]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 1, 2015, which denied the motion of defendants-appellants 313-315 West 125th Street LLC (313 West) and the estate of Lillian Goldman (Goldman estate) (collectively, appellants) for summary judgment reforming a contract, for summary judgment on 313 West's common-law and contractual indemnification cross claims against defendant Katselnik & Katselnik Group, Inc. (K&K), and for summary judgment dismissing K&K's cross claims for common-law indemnification and contribution against appellants, unanimously modified, on the law, to grant appellants' motion for summary judgment reforming a contract and dismissing K&K's cross claims against them, and otherwise affirmed, without costs.

The motion court erred in denying appellants' motion as untimely. The October 2013 so-ordered stipulation stated that "[a]ll parties' time to move for summary judgment is extended to 120 days after completion of [defendants'] EBTs as set forth above." The phrase "as set forth above" referred to an earlier sentence in the stipulation stating that 313 West and K&K were "to be produce [sic] for depositions on or before Jan[.] 10, 2014."

K&K's deposition was conducted in January 2014, and thereafter both plaintiff and K&K moved for summary judgment. After the motion court decided those motions in July 2014, appellants deposed a witness on August 18, 2014, and they filed their summary judgment motion less than 120 days later, on October 9, 2014. The motion court found their motion untimely since it was filed more than 120 days after January 10, 2014—the date 313 West and K&K were to be produced for depositions. However, appellants assert that they interpreted the stipulation to permit summary judgment motions filed within 120 days after the actual completion of the depositions listed in the stipulation, and that the depositions were not complete until they deposed their witness on August 18, 2014. K&K initially shared appellants' interpretation, since it argued, in support of its own motion for summary judgment in March 2014, that its motion was timely because the discovery listed in the stipulation had not been completed. We find that appellants' interpretation is just as reasonable as the motion court's, and that the stipulation is ambiguous (*see Vila v Cablevision of NYC*, 28 AD3d 248, 248 [1st Dept 2006]). Accordingly, even if appellants' motion is considered untimely, the ambiguity in the stipulation constituted good cause for the late filing (*id.* at 248-249; *see* CPLR 3212 [a]).

For the reasons stated in *313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co.* (138 AD3d 601 [1st Dept 2016] [decided simultaneously herewith]), the contract between nonparty Solil Management LLC (Solil) and K&K should be reformed to name 313 West, rather than Solil, as "the Owner"; appellants clearly and convincingly established that there was a mutual mistake in naming Solil, rather than 313 West, as the "Owner" in the contract (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573 [1986]).

313 West has not established its entitlement to judgment as a matter of law on its contractual indemnification cross claim against K&K, the general contractor, because it did not show that K&K or any of its subcontractors were negligent. In addition, 313 West is not entitled to summary judgment on its common-law indemnification cross claim against K&K, since 313 West failed to make a prima facie showing of K&K's negligence (*see Burgos v 213 W. 23rd St. Group LLC*, 48 AD3d 283, 284 [1st Dept 2008]).

K&K's common-law indemnification and contribution cross claims against appellants should be dismissed. 313 West made a prima facie showing of its lack of actual fault (*see id.*), by presenting evidence that it did not provide any construction

work, materials, equipment or supervision at the work site. Further, the action against the Goldman estate has been discontinued with prejudice, and it showed, among other things, that Goldman sold her interest in the property to 313 West more than a decade before plaintiff's accident. In opposition, K&K failed to raise a triable issue of fact. Concur—Tom, J.P., Andrias, Saxe and Kapnick, JJ.