Goldfien v County of Suffolk (2018 NY Slip Op 00545)





Goldfien v County of Suffolk


2018 NY Slip Op 00545


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
L. PRISCILLA HALL
HECTOR D. LASALLE, JJ.


2015-08062
 (Index No. 23085/12)

[*1]Peter Goldfien, appellant, 
v
County of Suffolk, et al., respondents, et al., defendant.


Ziegler & Robinson, New York, NY (Benjamin Robinson and Jill B. Savedoff of counsel), for appellant.
Dennis M. Brown, County Attorney, Hauppauge, NY (Diana T. Bishop of counsel), for respondent County of Suffolk.
Sinnreich Kosakoff & Messina LLP, Central Islip, NY (David B. Kosakoff and Michael Stanton of counsel), for respondent Nelson & Pope, LLP.
Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman of counsel), for respondent
DF Stone Contracting, Ltd.
Montfort, Healy, McGuire & Salley LLP, Garden City, NY (Michael A. Baranowicz, Donald S. Neumann, Jr., and Christopher T. Cafaro of counsel), for respondent Verizon New York, Inc.
Bartlett, McDonough & Monaghan, LLP, White Plains, NY (David C. Zegarelli of counsel), for defendant Sandstone Trucking Corp.



DECISION & ORDER
Appeal from an order of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated June 10, 2015. The order, insofar as appealed from, granted those branches of the separate motions of the defendants Nelson & Pope, LLP, DF Stone Contracting, Ltd., and Verizon New York, Inc., and the cross motion of the defendant County of Suffolk, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant DF Stone Contracting, Ltd., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendant DF Stone Contracting, Ltd., to the plaintiff, and one bill of costs payable by the plaintiff to the defendants Nelson & Pope, LLP, Verizon New York, Inc., and County of Suffolk.
As the plaintiff was riding his motorcycle on Montauk Highway through an area [*2]where a sidewalk construction project was ongoing, he was allegedly struck in the chest by a wire that had come loose from a utility pole, causing him to fall off his motorcycle. The plaintiff commenced this action against, among others, DF Stone Contracting, Ltd. (hereinafter DF Stone), Nelson & Pope, LLP (hereinafter N & P), Verizon New York, Inc. (hereinafter Verizon), and the County of Suffolk.
The Supreme Court should have denied that branch of DF Stone's motion which was for summary judgment dismissing the complaint insofar as asserted against it. DF Stone allegedly was performing work in the location of the accident at the time of the accident and for some length of time prior to the accident, and had been unloading asphalt from a dump truck whose bed, when fully extended, reached above the height of the wire that allegedly caused the plaintiff's injuries. The evidence submitted by DF Stone failed to eliminate questions of fact as to whether it created the alleged dangerous condition (see Sturm v Myrtle Catalpa, LLC, 149 AD3d 1130, 1132; Morris v City of New York, 143 AD3d 681, 682).
The Supreme Court properly granted that branch of N & P's motion which was for summary judgment dismissing the complaint insofar as asserted against it. N & P, the engineering consultant on the subject project, made a prima facie showing that it did not have control over the work site or actual or constructive notice of the alleged dangerous condition (see Rocha v GRT Constr. of N.Y., 145 AD3d 926, 928; Doxey v Freeport Union Free Sch. Dist., 115 AD3d 907, 908). N & P's right to generally supervise the work, stop the contractor's work if a safety violation was noted, and ensure compliance with safety regulations and contract specifications does not amount to supervision and control of the work site such that N & P would be liable for any negligence of the contractor who performs the day-to-day operations (see Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1092; Cabrera v Board of Educ. of City of N.Y., 33 AD3d 641; Warnitz v Liro Group, 254 AD2d 411). In opposition, the plaintiff failed to raise a triable issue of fact.
The Supreme Court also properly granted those branches of Verizon's motion and the County's cross motion which were for summary judgment dismissing the complaint insofar as asserted against each of them. Verizon, which owned the subject utility pole, and the County, which owned the roadway and sidewalk in the area of the accident, each made a prima facie showing that they did not create a hazardous or defective condition or have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836, 837; Lococo v Mater Cristi Catholic High Sch., 142 AD3d 590, 590-591; Wheeler v Citizens Telecom. Co. of N.Y., Inc., 74 AD3d 1622, 1623-1624). In opposition, the plaintiff failed to raise a triable issue of fact.
DILLON, J.P., BALKIN, HALL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court